[No. 2,427.]

## J. W. CLARK ET AL. v. G. W. GRIDLEY.

PARTNERSHIP ACCOUNTS.—Where the complaint, in an action for the dissolution of a partnership and a settlement of the accounts, avers a loss in the transactions of the firm, borne exclusively by the plaintiff, and asks for a judgment against the defendant for his proportion of such loss, the plaintiff may prove a loss resulting from his own act, done in violation of the partnership agreement.

IDEM.—In such case the plaintiff is entitled to a settlement of the partnership accounts, on such terms as may be equitable; and the defendant may show, as a matter of defense, that he suffered loss by such violation of the contract, and may charge the plaintiff with it.

IDEM.—The plaintiff in such action need not aver in his complaint that the act from which the loss resulted was in violation of the partnership agreement, in order to let in the testimony as to the loss.

JUDGMENT IN ACTION TO DISSOLVE PARTNERSHIP.—If the complaint, in an action to dissolve a partnership and settle its accounts, avers a loss, borne exclusively by plaintiff, and asks for judgment for defendant's proportion, and the evidence shows a profit realized by plaintiff in one transaction, as well as a loss borne by him in another, the account taken should credit the defendant with his part of the profit realized, as well as charge him with his proportion of the loss sustained.

IDEM.—In such case, if the plaintiff has settled with the defendant for his part of the profit realized, it is incumbent on the plaintiff to show that fact on the trial.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Tully R. Wise*, for Appellant.

If the defendant's consent was necessary to enable the plaintiff to forward the wool to suitable Eastern markets, then, if forwarded without his consent, the transaction did not bind him. It is necessary, then, to allege and prove that he did consent to ship the wool to Boston. The *allegata* and *probata* must correspond.

It also appeared upon the trial that the plaintiffs received a large amount of wool, which they sold in San Francisco at

a profit, which they have never accounted for. This suit
was for an account, and the Court, after hearing the evi-
dence, ought to have directed the plaintiffs to account for
sales in San Francisco. But instead of doing that, it took
Clark and Perkins' statement of the account in the East,
and ordered judgment for them for half of the supposed
difference.

*Barstow, Stetson & Houghton*, for Respondent.

The express consent of the defendant to send the wool to
Boston was not required by the contract—the only clause
bearing upon this question being contained in folios six and
seven; and the words "as may appear best to both parties"
can require no more, at the most, than that Gridley should
be kept informed of what was going on, and thus have the
opportunity to object, if he wished, to any contemplated
disposition of the wool. Section sixty of the Practice Act
provides that it shall not be necessary to plead the facts
showing the performance of conditions precedent in a con-
tract, but that it shall be enough to allege due performance
of all such conditions, and if such performance be contro-
verted, then the facts showing such performance are to be
established at the trial. The precise course marked out by
this section of the Practice Act has been followed in this
case. The contract was set out in full in the complaint;
then followed the allegation of performance of all the terms
of the contract that were to be performed by plaintiff; and,
finally, at the trial, the facts showing the performance of the
conditions were established. (See *California Steam Nav. Co.*
v. *Wright*, 6 Cal. 258–263; *Stoddard* v. *Treadwell*, 26 Cal.
294–299.)

By the Court, CROCKETT, J.:

The plaintiffs and defendant entered into a partnership venture for the purchase and sale of wool; and the plaintiffs claim that the enterprise resulted in a considerable loss, which was borne by them exclusively; and this action is brought for a settlement of the partnership accounts, and to enforce payment by the defendant of his share of the loss. The answer denies that the venture resulted in a loss. On the contrary, it claims that there was a large profit, which the plaintiffs received, and for which they have not accounted. It appears, from the written agreement between the parties, that the wool was to be sold by the plaintiffs in the San Francisco market, or, to be forwarded "to suitable Eastern markets for sale, as may appear best to both parties to this agreement." On the trial the plaintiffs offered to prove that a large portion of the wool was shipped by them to Boston, and sold in that market, and that these sales resulted in a loss. The defendant objected to this proof, on the ground that there was no allegation in the complaint that the wool was shipped to Boston for sale with his consent; and he claimed that without such an averment the proof was inadmissible, inasmuch as it appeared by the agreement that the plaintiffs had no right to ship the wool to an Eastern market, except with the consent of both parties. I discover no force in this objection. Even though it had been expressly admitted on the face of the complaint that the wool was shipped to Boston without the consent of the defendant, and in violation of the contract, the plaintiffs would, nevertheless, have been entitled to a settlement of the partnership accounts, on such terms as might be just and equitable; but the defendant, in that event, would have been entitled, as a matter of defense, to show that he had suffered loss by reason of this violation of the

contract, and to charge the plaintiffs with it. But it certainly was not necessary to aver in the complaint that the plaintiffs had violated the contract in this respect; but that was a proper matter of defense to be set up by the defendant. The Court, therefore, did not err in admitting the proof. The only other error assigned is that the evidence does not support the judgment in favor of the plaintiffs. There was included within the issues the settlement of the entire partnership accounts between the parties, including all the sales and disbursements during the venture. It appears clearly from the evidence, which is in no respect contradictory on this point, that a portion of the wool was sold by the plaintiffs in San Francisco, at a profit, and there is no proof whatever in the cause that the plaintiffs at any time, or in any manner, accounted to the defendant for his share of this profit. The judgment appears to ignore entirely this portion of the partnership transaction; and the judgment against the defendant is for his share of the losses incurred by reason of the sales made in the Boston market, without crediting him with any sum on account of the profits realized from the sales at San Francisco. If the San Francisco sales had been accounted for by the plaintiffs to the defendant, leaving nothing to be settled in respect to that part of the transaction, it was incumbent on the plaintiffs to show that fact at the trial; and this they failed to do. The attention of the District Court was explicitly called to this point by the defendant, on his motion for a new trial—this having been assigned as one of the grounds on which the evidence was insufficient to support the judgment—and the defendant's answer notified the plaintiffs that this ground of defense would be relied upon at the trial. The Court, therefore, erred in denying the motion for a new trial.

Judgment reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice RHODES nor Mr. Justice SPRAGUE expressed any opinion.