[L. A. No. 8131. In Bank.—February 1, 1926.]

E. A. KLEIN, Respondent, v. FLORENCE B. MILNE et al., Appellants; WILLIAM L. HOVIS, Cross-complainant and Respondent.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—FINDINGS—ULTIMATE FACTS —PROBATIVE FACTS.—In this action for damages as the result of an automobile collision in which three different automobiles were involved, the trial court having found clearly and tersely the ultimate facts as to the negligence or want of negligence of the respective parties at the time and place of said collision in the operation of their respective cars, it was not necessary to also find upon the probative facts from which the court deduced the ultimate facts as to the negligence or want of it of the participants in the collision.

[2] ID.—AMOUNT OF DAMAGES—ULTIMATE FACT—FINDINGS.—In such action, the amount of the damage and injury suffered by the plaintiff is an ultimate fact to be deduced from the evidence

———————

1. See 24 Cal. Jur. 970.
2. See 24 Cal. Jur. 927; 26 R. C. L. 1091.

as to wherein such damage consisted, and a finding by the trial court (upon sufficient evidence) that plaintiff's car was damaged to the extent of a specified sum is a sufficient finding upon the ultimate fact in issue, and is not a mere conclusion of law.

[3] ID.—DAMAGE—GENERAL AND SPECIAL ACCOUNTS—ISSUES—FINDINGS.—Where a complainant or cross-complainant does not in his pleadings rely upon a general averment of damage, but pleads both general and special damage and particularizes the items wherein each consists, and the defendants or cross-defendants put these specifically in issue, they are entitled to special findings upon issues as thus presented in order that they may point out the precise errors of the trial court upon motion for a new trial and upon appeal.

[4] ID. — DAMAGE TO AUTOMOBILE — VALUE — EVIDENCE — FINDINGS. — Where a cross-complainant alleges that his automobile, prior to the collision, was of the value of a specified sum and that by reason of the injuries to it in said collision it was so damaged as to be of the value of but a specified lesser sum, which is specifically denied by the cross-defendants, and the only evidence presented by said cross-complainant upon the question of the amount of damage to his machine as the result of the collision consists of his statement, admitted over the cross-defendants' objection, that his car "was of no value to me in the condition that it was whatever," such statement furnishes no proper basis for a finding as to the amount to be awarded the cross-complainant for the injuries to his car.

---

(1) 38 Cyc., p. 1980, n. 56, p. 1981, n. 59.    (2) 38 Cyc., p. 1981, n. 59.    (3) 17 C. J., p. 1083, n. 93.    (4) 17 C. J., p. 1042, n. 28, p. 1083, n. 93.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

W. A. Alderson, George E. Sandford, Alfred Siemon and Dean Sherry for Appellants.

Emmons & Aldrich, Chas. N. Sears, A. J. O'Brien, F. W. Murphy and C. C. Logerton for Respondent.

---

3. See 24 Cal. Jur. 974; 26 R. C. L. 1090.

RICHARDS, J.--The plaintiff commenced this action against the defendants and each of them to recover damages for injuries to a certain Nash automobile received in a collision upon the state highway near Kingsburg, county of Fresno, state of California, on or about December 23, 1921. In his first amended complaint the plaintiff alleged that at said time and place his said automobile was being driven and operated by the defendants J. C. May and wife, on and along the highway going in a northerly direction; that the defendant Florence B. Milne was at said time and place the owner and possessor of a certain Chevrolet automobile and was driving and operating the same along said highway going in a southerly direction; that at said time and place the defendant William L. Hovis was the owner and in possession of a certain Overland automobile and was driving and operating the same upon said highway following the said Chevrolet car and hence also going in a southerly direction; that as the said Chevrolet and Nash cars approached each other along said highway the said Florence Milne so negligently drove and operated her said Chevrolet car as to drive the same to the east of the center of said highway at a rate of speed in excess of thirty-five miles an hour; that at the same time the said William L. Hovis as the said Overland and Nash cars approached each other attempted to pass the said Nash and Chevrolet cars as they were passing each other and in so doing so carelessly and negligently drove and operated his said Overland car as not to allow a safe distance between said Overland and Chevrolet cars and also at said time and place drove and operated the same at an excessive rate of speed, to wit, in excess of thirty-five miles an hour; that the defendants J. C. May and wife, also at said time and place, so negligently and carelessly drove and operated said Nash car that said Chevrolet car and said Overland car by reason of the negligence and carelessness of each of said defendants then and there collided with and against the said Nash car and broke and damaged the same in the specific parts thereof enumerated in the complaint to the plaintiff's damage in the sums set forth in his said complaint aggregating in excess of $800, for which he seeks a recovery against all of said defendants.

The defendants answered separately, denying negligence and liability to the plaintiff, respectively. The defendant

Hovis accompanied his answer with a cross-complaint against the plaintiff and also each of his codefendants, Milne, husband and wife, and May, husband and wife, wherein . he averred that the cross-defendants Milne were negligent in the operation of their Chevrolet automobile at the time of said collision whereby both his machine and himself were injured and suffered damages as specifically set forth therein; that the cross-defendants May were at the time of said collision acting as the agents of the said plaintiff Klein, in the operation of the Nash automobile owned by the latter, and that as such the Mays were negligent at the time of said collision, and that both they and their principal, Klein, were liable to said cross-complainant Hovis for the injuries to himself and his machine sustained thereby. Wherefore, the said cross-complainant Hovis prayed judgment against each and all of said cross-defendants for the sum of $5,734.46. The defendant Florence B. Milne also accompanied her answer to the plaintiff Klein's complaint with a cross-complaint against the latter and also against her codefendants May for damages to her machine in the sum of $165. To each of these cross-complaints answers were filed and the issues being thus made up, the cause proceeded to trial before the court sitting without a jury. At the close of the trial the court permitted the plaintiff to file a further amendment to his complaint to conform to the proofs, and, by stipulation, the answers thereto filed were deemed answers thereto. Thereupon, the cause was submitted for decision and the trial court in due course filed its findings of fact and conclusions of law, wherein, after finding the ownership of the respective automobiles to be as averred in the pleadings, it proceeded to find that the defendants Milne so carelessly and negligently operated their Chevrolet car as to collide with and damege the plaintiff's Nash car to the extent and in the sum of $553.90, and also to collide with and damage the defendant and cross-complainant Hovis and also his Overland car to the extent and in the sum of $786.50. The court further found that the defendant Hovis was not negligent at said time and place in the operation of his Overland car; and further found that the defendants May were not negligent at said time and place in the operation of the plaintiff's Nash car. As conclusions of law from the foregoing findings of fact, the court found that the

plaintiff Klein was entitled to judgment against the defendant Florence B. Milne for the sum of $553.90, but that as to the defendants May and Hovis the plaintiff Klein was entitled to take nothing; that the cross-complainant William Hovis was entitled to judgment against the cross-defendants Florence B. Milne and William Milne for the sum of $786.50, but that as against the plaintiff Klein and the cross-defendants May he was entitled to take nothing; that the defendants May were entitled to their costs. Judgment was entered accordingly, and from such judgment the cross-defendants Milne only appeal.

The respondents herein have not seen fit to aid this court with any briefs or any argument upon this appeal. The appellants make several contentions. [1] As to their contention that the findings of the trial court as to the negligence or lack of negligence of the respective parties to the action are insufficient to respond to the issues presented respectively as to negligence, we are of the opinion that they are each and all without merit. The trial court found clearly and tersely the ultimate facts as to the negligence or want of negligence of the respective parties at the time and place of said collision in the operation of their respective cars. It was not necessary to also find upon the probative facts from which the court deduced the ultimate facts as to the negligence or want of it of the participants in the collision. [2] The appellants make the further contention that as to the plaintiff Klein, the finding that his car was damaged to the extent and in the sum of $553.90 is a mere conclusion of law. We do not think so. The amount of such damage and injury was an ultimate fact to be deduced from the evidence as to wherein such damage consisted. The witness for the plaintiff, May, testified to the details of the injury to the car, the smashed fenders, the injured running-board, radiator, and wheels. The witness Sutter also testified as to the extent of the injuries to the plaintiff's car and as to the reasonable cost of the repairs to be made thereon. The finding of the trial court was based upon this and other evidence as to the expense to the plaintiff in making these repairs and that he had paid the bill. The finding corresponded to the foregoing evidence and was a sufficient finding upon the ultimate facts in issue.

A more serious question is presented with respect to the sufficiency of the findings of the trial court with respect to the damages alleged to have been sustained by the cross-complainant Hovis. In his cross-complaint against the appellants herein said Hovis alleges that his automobile, prior to the collision, was of the value of $800 and that by reason of the injuries to it in said collision it was so damaged as to be of the value of but $300. In addition to these general damages to his machine said cross-complainant also alleges that he suffered special damages by being obliged to hire another car to take himself and wife to a hotel and being compelled to return to his home by train. These damages he itemizes and places at about $120. In his cross-complaint said Hovis also alleged that he suffered personal injuries in said collision, the extent of which he details, requiring the services of a physician at an expense of $71.50 and for which personal injuries he demands general damages in the sum of $5,000. The denials of the cross-defendants specifically put in issue these averments as to both the special and the general damages sustained by the cross-complainant Hovis. The findings of the trial court upon the issues thus presented are general and to the effect that Hovis was damaged to the extent of $786.50. We think the trial court was in error in thus making a general finding upon the foregoing separate and specially averred items of damage alleged to have been sustained by the cross-complainant Hovis. [3] Where a complainant or cross-complainant does not in his pleading rely upon a general averment of damages, but pleads both general and special damages and particularizes the items wherein each consists, and where the defendant or cross-defendants put these specifically in issue, they are entitled to special findings upon the issues as thus presented in order that they may point out the precise errors of the trial court upon motion for a new trial and upon appeal (*Franklin* v. *Franklin,* 140 Cal. 609 [74 Pac. 155]; *Frascona* v. *Los Angeles Ry. Corp.,* 48 Cal. App. 135 [191 Pac. 968]). [4] The importance of the application of this rule to this particular case consists in the fact that the only evidence which the cross-complainant Hovis presented to the trial court upon the question of the amount of damage to his machine as a result of the collision consisted in his statement, admitted over the cross-defendants' objection, that his car

"was of no value to me in the condition that it was whatever." Such a statement would furnish the trial court no proper basis for a finding as to the amount to be awarded the cross-complainant for the injuries to his car; and it would follow that the finding of the lump sum found by the trial court to constitute the amount of the cross-complainant's recovery, if it included any allowance for the damages to his car, would be unsupported by the evidence in the case.

The judgment is affirmed as to the plaintiff Klein, but is reversed as to the amount thereof awarded to the cross-complainant Hovis.

Seawell, J., Shenk, J., Waste, C. J., and Lawlor, J., concurred.