[L. A. No. 10905. In Bank.—March 31, 1931.]

GEORGE F. JAMES, Respondent, v. JOHN O. HALEY, Appellant.

Winterer, Combs & Ritchie and McComb & Hall for Appellant.

No appearance for Respondent.

THE COURT.—This is an appeal from a judgment of the trial court in an action brought by a tenant against his landlord for damages alleged to have been suffered by reason of the breach, by the landlord, of the covenant of quiet enjoyment, and by reason of the eviction by the landlord of the tenant from a portion of the leased premises. The case was tried before the court without a jury, resulting in a verdict in plaintiff's favor in the sum of $2,700. From

this judgment, defendant John O. Haley appeals, the action having been dismissed as to all other defendants. Respondent on this appeal has not seen fit to aid this court with any briefs, nor did he respond to an order to show cause.

The facts out of which this controversy arose, and most of which were found by the trial court, are as follows:

On September 28, 1920, defendant Haley and Adelaide Corbley, as lessors, leased to T. C. Larter and associates for the period of two years certain real property located at the southwest corner of Sunset Boulevard and McCadden Place, in the city of Los Angeles. It appears that at that time defendant owned or controlled three lots, designated as lots 1, 2 and 3, at that corner. ▮ It is admitted that the lease in question was of a certain portion of lot 1, then unimproved. The exact portion of lot 1 that was so leased was one of the main questions presented to the trial court. Both parties had lost their copies of the lease, so that its contents had to be proved by parol. On the question of the extent of the lease, it is admitted that it was contemplated by the parties that Larter was to build a real estate office on the premises leased and use and occupy the same for real estate purposes. Defendant contends that all that was leased was the property actually covered by this building, and an entrance thereto. The plaintiff, who is the assignee of Larter and associates, contends, and the trial court found, that there was leased at this time a rectangular strip 52.81 feet by 60 feet, for the purpose of conducting a real estate office thereon. This finding, although based on conflicting evidence, is amply supported by the record.

After taking possession of the property, Larter erected a real estate office thereon and proceeded to grade and plant in lawn the portion of the premises here in dispute. In addition, Larter erected, with materials furnished by defendant, a decorative fence in back of the office, on the line where he deemed the southerly boundary of the leased premises to be. There can be no doubt that these acts were all done with the knowledge, consent and approval of the landlord, and that all of the premises so graded and planted, and bounded by the fence, were treated by the parties thereto as included within the lease. The portion of the premises immediately east and west of the office, and which

had been graded and planted in lawn by Larter, was used by Larter and his assignees for advertising purposes.

Near the expiration date of this lease, defendant Haley, at the request of Larter, extended the term thereof until September 28, 1924. On October 1, 1922, Larter and his associates sold to plaintiff their interest, both in the real estate office and in the lease. Plaintiff immediately took possession, with the express approval and consent of defendant, and paid all installments of rents as they fell due, all of which were accepted by defendant.

It then appears that in December of 1922, defendant leased to one R. F. Meyers all of lots 1, 2 and 3 above mentioned, save that portion occupied by plaintiff. The defendant and Meyers then attempted to induce plaintiff to vacate the premises occupied by him, but he refused so to do. In November of 1923, after these negotiations had failed, Meyers, with the consent and approval of defendant, entered upon the property leased by plaintiff east of the real estate office and erected thereon a building, flush with the sidewalk. The west wall of this building was within 18 inches of the east wall of the plaintiff's office, and effectually blocked light and air from that side. On January 17, 1924, Meyers, again with the consent and approval of defendant, entered upon the property leased by the plaintiff, west of the real estate office, and erected thereon a building flush with the sidewalk. The east wall of this building was within 18 inches of the west wall of plaintiff's office, and effectually blocked light and air from that quarter. Not content with these acts in violation of plaintiff's rights, on January 22, 1924, Meyers again entered upon plaintiff's premises, and with the consent and approval of defendant dismantled the decorative fence in the back and to the south of the real estate office, and erected a fence 9½ feet high within 18 inches of the south wall of the office. By these acts of Meyers, acting with the consent and approval of defendant, not only was plaintiff deprived of portions of the leased property used by him for advertising purposes, but his office was so boxed in that it was no longer visible, except from directly in front. It likewise appears that the advertising boards of plaintiff were torn down and certain electric light standards used to illuminate the office at night were removed.

██ We have no hesitancy in holding that the findings in reference to the eviction, deprivation of light and air, and breach of the covenant of quiet enjoyment are amply supported by the record.

The trial court, however, failed to make any findings at all as to damages suffered by reason of these acts, but simply rendered judgment against defendant in the sum of $2,700. The theory upon which the trial court proceeded is not clear. The trial court, after making findings as to the facts in reference to the eviction, stated, "as a conclusion of law from the foregoing findings of fact, the court finds that the plaintiff, George F. James, is entitled to judgment against the defendant John O. Haley in the sum of twenty-seven hundred ($2,700.00) dollars and for his costs, and that judgment be entered accordingly". No findings as to special or general damage were made at all. Assuming that the above-quoted conclusion could be treated as a finding of fact, it would not be a sufficient finding upon the issues presented by the pleadings. The plaintiff pleaded that he had been damaged in four particulars:

1. That he had been deprived of advertising space formerly enjoyed by him, to his damage in the sum of $500 a month.

2. That he had expended on additional billboards the sum of $500.

3. That, by reason of the fact that he has been cut off from the view of the public and his office rendered dark and insanitary, he has lost patronage to his financial damage in the sum of $25,000.

4. That, by reason of being excluded from three-quarters of his leased premises, he has been injured in the sum of $500 a month.

Each allegation as to damage was specifically denied by defendant, so that an issue was formed in reference to each of these allegations. ██ It is of course clear that when a tenant is wholly or partially evicted by the acts of his landlord, he may recover any damages that he may suffer as a result of the eviction. (*Hamer* v. *Ellis*, 40 Cal. App. 57 [180 Pac. 30].) ██ It is also clear, however, that when a plaintiff pleads special damage, which is denied by defendant, and offers evidence to support it, that issue becomes a material one on which the losing party is entitled

to a finding. ■ Here the findings are entirely silent as to each and every issue raised in reference to damage. Ever since the adoption of the codes, it has been the rule that findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed. (24 Cal. Jur., p. 935, sec. 183, and p. 940, sec. 186.)

In *Klein* v. *Milne,* 198 Cal. 71, 76 [243 Pac. 520, 522], this court in discussing a similar situation, stated: ''The denials of the cross-defendants specifically put in issue these averments as to both the special and the general damages sustained by the cross-complainant Hovis. The findings of the trial court upon the issues thus presented are general and to the effect that Hovis was damaged to the extent of $786.50. We think the trial court was in error in thus making a general finding upon the foregoing separate and specially averred items of damage alleged to have been sustained by the cross-complainant Hovis. Where a complainant or cross-complainant does not in his pleading rely upon a general averment of damages, but pleads both general and special damages and particularizes the items wherein each consists, and where the defendant or cross-defendants put these specifically in issue, they are entitled to special findings upon the issues as thus presented in order that they may point out the precise errors of the trial court upon motion for a new trial and upon appeal.''

■ The importance of this rule, as applied to the facts of this case, becomes apparent when the following facts are considered. The complaint is framed on the theory that plaintiff, as an individual, is suing the defendant for damages suffered by himself as an individual, because of the wrongful acts of defendant. At the trial it developed, evidently to the surprise of both counsel, that, although the plaintiff had purchased the building and assignment of the lease as an individual, at all times subsequent to October 1, 1922 (the date plaintiff's assignment took effect), the real estate business, situated on the leased property, has been operated as a partnership under the name and style of James Realty Co., consisting of plaintiff and one other individual, the other member of the partnership changing at different intervals. All of the first three items of damage

.set forth above were not suffered by plaintiff as an individual, but were losses or expenditures suffered or made by the partnership. It is clear that plaintiff as an individual is not entitled to recover in this action for damages suffered by a partnership and, therefore, if the lump sum awarded to plaintiff included any allowance for these items, it would be unsupported by the evidence, and would constitute reversible error. It is true that plaintiff sought to prove at the trial an oral assignment from the other partner to himself of all claims against defendant, but this assignment was neither pleaded by the plaintiff nor a finding in reference thereto made by the trial court.

If it were not for the question in reference to the partnership, we would be inclined to reverse the case only on the question of damages, but with that question interjected into the case, it may appear on a new trial that plaintiff has pursued the wrong remedy, and that the only cause of action that exists is on behalf of the partnership. For that reason, in fairness to all concerned, we feel that the entire case should be retried.

For the foregoing reasons, the judgment appealed from is reversed.