[Civ. No. 12032. Second Appellate District, Division Two.—January 25, 1939.]

PHILIP SENEGRAM, Plaintiff and Appellant, v. LOUIS GROOBMAN et al., Defendants and Appellants.

Henry Haves for Plaintiff and Appellant.

Abe Richman for Defendants and Appellants.

WOOD, J.—The plaintiff was injured on December 26, 1936, in a collision between an automobile driven by his wife and one driven by defendant Irene Groobman. The last-mentioned car was owned by defendant Lewis Groobman and was being driven with his knowledge and consent. Defendants appeal from a judgment in favor of plaintiff in the sum of $1750.

Plaintiff was riding with his wife and it is claimed that she was guilty of contributory negligence as a matter of law. Mrs. Senegram was driving in a northerly direction on Chicago Street in the city of Los Angeles and as she approached the intersection of Bird Street she brought her automobile to a stop. She observed defendants' automobile approaching on the right at a distance of about 200 feet from the intersection, traveling in a westerly direction. She estimated that the speed of the defendants' car was between 40 and 45 miles per hour. She entered the intersection and did not again observe the defendants' car until the collision. ▮ Having entered the intersection first, Mrs. Senegram had the right of way. (Sec. 550a of the Vehicle Code.) She had the right to assume that drivers of other cars would respect her right of way and that they would obey the law and drive in a prudent manner. (*Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203]; *Briggs* v. *Koyer,* 138 Cal. App. 487 [32 Pac. (2d) 649]; *Wynne* v. *Wright,* 105 Cal. App. 17 [286 Pac. 1057].) ▮ It was proper for Mrs. Senegram to direct her attention to other conditions of traffic and she was not obligated to keep a constant watch upon the defendants' car. (*Lee* v. *Stephens,* 8 Cal. App. (2d) 650 [47 Pac. (2d) 1105].) The issue of the alleged contributory negligence of Mrs. Senegram was for the determination of the trial court. Its finding that she was free from negligence is amply supported by the evidence.

Our disposition of the point just discussed makes it unnecessary to pass upon the contention of plaintiff that Mrs. Senegram's negligence, if any, was not imputable to plaintiff.

▮ An appeal is prosecuted by the plaintiff from "that portion of the judgment which limits the plaintiff's recovery to the sum of Seventeen hundred fifty Dollars ($1750.00)". Plaintiff owned and conducted his own business in which approximately fifty persons were employed. As a result of the

accident he was incapacitated for about two months. He attempted to present evidence as to the value of his services to his business during the period in which he was disabled. In his appeal plaintiff contends that the court erred in refusing to admit this evidence. The element of damages sought by plaintiff must be specially pleaded. (*Hoffman* v. *Lane,* 11 Cal. App. (2d) 655, 659 [54 Pac. (2d) 477].) This he failed to do and consequently is not in position to complain of the ruling of the court.

The judgment is affirmed, neither party to recover costs on appeal.

Crail, P. J., and McComb, J., concurred.