[Civ. No. 14760.  Second Dist., Div. One.  June 13, 1945.]

ANN MAY WILCOX, Respondent, v. JOSEPH SWAY, Appellant.

William K. Young for Appellant.

Arthur A. Jones for Respondent.

WHITE, J.—Joseph Sway prosecutes this appeal from a judgment in favor of Ann Mae Wilcox, plaintiff and respondent, for damages suffered by reason of a collision of automobiles in the intersection of Arlington Avenue and West Adams Boulevard, in the city of Los Angeles, at 12:15 a. m., December 16, 1943. Plaintiff drove her Ford automobile toward the north on Arlington, stopped at the southern boundary of West Adams, and then proceeded in low and second gears into the intersection. There the right side of her Ford was struck by the front end of defendant's Oldsmobile, which had been traveling in a westerly direction on West Adams. The parties to the action are the only witnesses to the events leading up to and at the time of the collision, about which their testimony is in direct conflict. The case was tried by the court sitting without a jury and resulted in a judgment against defendant for ''$5,000.00 general damages, and in addition thereto, $989.53 special damages.''

Appellant's first specification of error is that the findings do not support the judgment awarding special damages.

Respondent contends that, since appellant did not ''request the trial court to file findings or move the court below to amend'' them, he cannot now complain of their insufficiency. In support of this contention, respondent cites the cases of *Calderwood* v. *Brooks,* 28 Cal. 151, and *Troy* v. *Clarke,* 30 Cal. 419. These cases are no longer authority for the rule stated by respondent, and are of no assistance in the determination of any question now before us, as they were decided in 1865 and 1866, respectively, under the Act of 1861 and prior to the time when the codes came into operation in 1873. (2 Cal. Jur. 283; *Lamb* v. *Harbaugh,* 105 Cal. 680, 693 [39 P. 56].)

Section 632 of the Code of Civil Procedure provides that

"upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. . . . Judgment upon the decision must be entered accordingly." It is well settled that findings of fact constitute the "decision" which "must be given in writing" and "ever since the adoption of the codes, it has been the rule that findings are required on all material issues raised by the pleadings and evidence" (*James* v. *Haley*, 212 Cal. 142, 147 [297 P. 920]; *Fairchild* v. *Raines*, 24 Cal.2d 818, 830 [151 P.2d 260]). Respondent does not claim that appellant waived findings in any manner provided by the code (Code Civ. Proc., § 632).

Had no findings of fact been made by the trial court and had none appeared in the judgment roll, a waiver thereof would be presumed in support of the judgment (*Mulcahy* v. *Glazier*, 51 Cal. 626, 627; *Carpenter* v. *Pacific Mutual Life Insurance Co.*, 10 Cal.2d 307, 326 [74 P.2d 761]); but, in the instant action, findings of the trial court are on file, and, therefore, such a waiver cannot be presumed (*People* v. *Forbes*, 51 Cal. 628, 629). Appellant was not required to move the court below to amend its findings, or to make a motion for a new trial; nor was he required to except to the findings, as they are deemed excepted to. The sufficiency both of the findings to support the judgment and of the evidentiary basis for the findings are proper questions for review on this appeal from the judgment (2 Cal.Jur. 298; Code Civ. Proc., §§ 646, 647; *Hackleman* v. *Lyman*, 50 Cal.App. 323, 328 [195 P. 263]).

Plaintiff pleaded special damages, particularizing the items thereof; defendant by denial put them in issue; and evidence was offered to prove them. Each item thereof is a material issue in the instant action, on which the losing party is entitled to a special finding in order that he may know in what manner the court determined the amount of the judgment against him (*James* v. *Haley, supra,* 146; *Klein* v. *Milne,* 198 Cal. 71, 76 [243 P. 420]). The trial court followed this rule, and in that regard found as follows:

"That it is true that Ann Mae Wilcox sustained special damages, arising out of said accident, as follows, to-wit:

"$30.24 to replace glasses broken in the accident; $60.00 paid for medical attention; $59.29 for hospitalization; $10.00 for ambulance; and that plaintiff's automobile was totally

wrecked and damaged, as a result of said accident, and that she sustained a loss of $200.00, which sum was the reasonable market value of said automobile on the day of said accident. . . .''

The aggregate amount of the special damages so found to have been suffered is $359.53 and not $989.53 as appears in the judgment. The trial court, ''as conclusions of law, from the foregoing facts,'' appended to its said findings a statement that said respondent is entitled to judgment ''in the sum of Five Thousand Dollars ($5,000.00) general damages, and Nine Hundred, Eighty-nine and 53/100 Dollars ($989.53), by way of special damages.'' Judgment was thereupon rendered for $5,000 general damages and $989.53 special damages.

■ Respondent next asserts that a consideration of the general language of the findings ''that all of the allegations of Plaintiff's Complaint . . . are true,'' together with the statement made orally by the trial judge at the close of the trial that:

''It would seem, from the fact, that the plaintiff was obliged to hire someone to perform certain duties, which she was able to perform prior to the accident, that she would be entitled to recover for the amounts necessarily expended by her for that purpose,'' makes it apparent that the trial court intended to, and did, incorporate in the findings of fact the allegation of her complaint, as amended, that she also suffered special damage in ''the sum of $630.00 for a housekeeper,'' and consequently the findings do support the judgment for $989.53 special damages. However, the correct rule regarding oral statements of the trial judge is expressed in respondent's brief when urging that other oral statements made at the same time ''can have no effect on the findings of fact which were signed and filed'' (*Dell* v. *Hjorth,* 51 Cal.App.2d 576, 579 [125 P.2d 505]; *Fisk* v. *Casey,* 119 Cal. 643, 645 [51 P. 1077]; *Phillips* v. *Hooper,* 43 Cal.App.2d 467, 470 [111 P.2d 22]); ■ and it is settled that inconsistencies between the antecedent expressions of the trial judge and the findings of fact cannot be considered by an appellate court (*Lord* v. *Katz,* 54 Cal. App.2d 363, 367 [128 P.2d 907]). ■ The findings of fact must be taken as embodying the conclusions of the trial court on all questions of fact submitted to it for decision ''And no antecedent expressions of the judge can in any way restrict

his absolute power to declare his final conclusion, in the only manner authorized by law, to wit, by filing his 'decision' (findings of fact and conclusions of law), provided in sections 632 and 633 of the Code of Civil Procedure." (*Phillips* v. *Hooper, supra,* 470; *Boas* v. *Bank of America,* 51 Cal.App.2d 592, 599 [125 P.2d 620]; *Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179]). To determine whether the findings support the judgment, we can look only to the findings (*Risinger* v. *Anderson,* 10 Cal.App.2d 455, 456 [51 P.2d 1119]).

In support of respondent's contention that the item of "$630.00 for a housekeeper" is included in the findings by the general language therein "that all of the allegations of plaintiff's complaint . . . are true," numerous cases are cited (*Tower* v. *Wilson,* 45 Cal.App. 123 [188 P. 87]; *Stoner* v. *Security Trust Co.,* 47 Cal.App. 216 [190 P. 500]; *Howe* v. *Schmidt,* 151 Cal. 436 [90 P. 1056]; *Carey* v. *Brown,* 58 Cal. 180; *Kendrick* v. *Gould,* 51 Cal.App. 712 [197 P. 681]; *Carr* v. *International Indemnity Co.,* 58 Cal.App. 614 [209 P. 83]; *Kenfield* v. *Weir,* 16 Cal.App.2d 501 [60 P. 2d 885]), none of which is helpful in the situation presented herein, for the reason that the facts in the instant action differ materially from those considered in the cited cases. The trial court, in the case at bar, limited its general finding "that all of the allegations of plaintiff's complaint . . . are true" by the addition of the phrase "save and except as hereinafter specifically otherwise mentioned," and thereafter found that the respondent "sustained special damages . . . as follows," listing the items hereinbefore set forth, amounting to $359.53. Respondent's contention that the trial court, by not specifically mentioning it, included in its findings respecting special damages the additional item of $630.00 for a housekeeper" is untenable, since the allegation concerning the $630 item is merely a part of the same allegation in which respondent set forth the items of special damages which were expressly found to have been suffered. In the case of *Alameda County* v. *Crocker,* 125 Cal. 101 [57 P. 766], also cited by respondent in this connection, the finding under consideration is quite similar to the one in the case at bar, and, under the reasoning of that decision, the findings before us "exclude the idea" that any special damages, other than those specifically enumerated therein, were suffered by respondent. In other words, the

omission of this item of $630 must be construed as a finding that plaintiff's allegation concerning it is not true, and the findings in the instant case must be held to be that respondent suffered only the special damages itemized therein and hereinbefore set forth, aggregating $359.53.

It is immaterial whether the trial judge unintentionally omitted the $630 item from his findings of fact, or inadvertently included it in the amount of the judgment. In either event the findings do not support the judgment for $989.53 special damages (24 Cal.Jur. 999; *Spindler* v. *Wittemann Co.*, 54 Cal.App. 207, 209 [201 P. 604]).

Respondent insists that the judgment should not be reversed or reduced, in the event it be held on this appeal that it is not supported by the findings with respect to special damages, for the reason that the judgment as rendered is fully supported by the evidence and therefore this court may take an additional or different finding based upon such evidence (Code Civ. Proc., § 956a), thus disposing of the cause without the necessity for further proceedings in the trial court. However, appellant contends that the court erred in admitting evidence respecting wages paid by respondent to a housekeeper employed in her business enterprise. We, therefore, epitomize the evidence adduced at the trial which tends to support respondent's allegation in her complaint, as amended, that "by reason of the said injuries" she was "forced to incur bills . . . and the sum of $630.00 for a housekeeper, all of which sums were reasonable and necessary and arising out of said accident."

Respondent testified in her own behalf that she was a registered nurse "managing a guest home"; that "as a result of the accident," she incurred "bills for medical attention, hospital, nursing, housekeeper, medicines and ambulance"; that on the day of December 15th, the day preceding the accident, she "had been in attendance for" her "duties at the rest home"; that she "rose" about seven o'clock that morning, had been "on duty all that day," and had "left" "about seven in the evening"; that she was in the hospital from December 19, 1943, until January 2, 1944; that from January 2d to February 11th, she was in bed in her own rest home, able only to go to the bathroom, take care of her "personal self and get" her "meals"; that her meals were prepared by

her cook who prepared meals for the guests in the rest home. Then the following proceedings were had:

"THE COURT: You resumed your work on February 11th? A. No, sir, I have not yet resumed it.

"THE COURT: What have you done in that regard? A. I hire a maid now to do the work which I was doing. I can't do any of the turning of the mattresses, or things like that, and I can't carry trays any more. I do the shopping and the managing.

"Q. What do you have to pay those you now have? A. *Fifty dollars a month,* room and board.

"Q. What do you estimate her room and board is valued at? A. About *forty dollars a month.*"

In reply to further questions by the court, respondent testified that she had leased the place, bought the furniture on a loan and was running it "as a proprietor of a rest home"; that she is "paying for the furniture"; hires "a cook or any other employees," has "a housekeeper, and another lady comes in one day a week for cleaning"; that she employs them and pays them to work for her. She further testified that the payments made by the guests or patients "are put down in a book" and she gets "what is over after the expenses are paid"; that she is "operating this as a partnership"; that she pays a "certain percentage of the net proceeds" on the mortgage on the furniture and retains the balance for herself. After this, the record discloses the following:

"THE COURT: So that this employment of the maid is to do the work that prior to the accident you did yourself? A. Yes, sir.

"THE COURT: Proceed.

"Q. (By Mr. Jones) When did you hire this maid or cause her to go to work there to do this work? A. Since I have been in the accident.

"Q. Well, when did she come there, December or January? Was she there when you came home from the hospital? A. Yes, sir; I couldn't tell the exact date that they got her, *but they got her while I was in the hospital.*

"Q. Well, say January 1st. Was it necessary to hire any other help besides this maid to do the work that you were accustomed to do prior to the accident? A. Yes, sir; because at that time we got this lady to come in one day a week for cleaning.

"Q. How much did she charge? A. Five and a half.

"Mr. Young: Object to that on the ground it is immaterial. Also move to strike out the other testimony on the subject of employment of servants, and so forth, in the business this lady testifies that she was engaged in, and was unable to do by reason of her injuries, *upon the ground it is not within the issues of the pleadings.*

"The Court: The objection is well taken, and it is stricken out. The witness may state what she can do. That portion will be allowed to remain in the record as to what she can and cannot do, what she was able to do prior to the injury. As to the amount of the employment of other persons that will be stricken out and will be disregarded by the Court.

"Mr. Jones: Well, there is that housekeeper, your Honor.

"The Court: If there is anything there in the pleadings. The objection is well taken."

This was followed by testimony of this witness that prior to the accident she was accustomed to "doing what a maid would do, cleaning the rooms," turning the mattresses and changing the linens on approximately fifteen beds, checking outgoing and incoming linens, carrying clean linens upstairs to the linen room once a week, scrubbing and cleaning two bathrooms and dusting and vacuuming sixteen rooms two or three times a week, waiting on tables for ten persons in the dining room at meal times, carrying four trays upstairs, going to market and buying food for these people every day, taking care of the garbage and garbage cans, watering lawn and cleaning front and back porches. She further testified that she personally did all of these things herself before the accident; that she then had only one employee who cooked the meals and kept the kitchen clean, and respondent did the rest of the general housework for twelve to sixteen people.

At the conclusion of the trial, the court made the following statement:

"I have been giving some further consideration to the matters which relate to the employment by the plaintiff of assistants, and I am not sure as to the rulings of the Court on those matters. *It would seem, from the fact that the plaintiff was obliged to hire someone to perform certain duties, which she was able to perform prior to the accident, that she would be*

*entitled to recover for the amounts necessarily expended by her for that purpose.* While the situation is somewhat different in the case of a person who is merely employed by the day or month, the income of Mrs. Wilcox from her Rest Home depends upon certain work being done; and, therefore, since she received a less net income by reason of the fact that payments made by her having been deducted from the payments made to her, that she would be entitled to recover for that to the extent shown by the testimony in the record; and if the Court has excluded testimony concerning the amounts expended by her in any ruling, the Court will now reverse its ruling and consider in evidence those amounts thus testified to.''

It is contended by respondent that because of appellant's failure to object when the court reversed its previous ruling and reinstated the evidence ''that respondent sustained special damage by reason of being compelled to hire a housekeeper'' at $90 per month from January to July (the time of the trial), or a total cost of $630, appellant cannot raise the point on appeal. This argument is without merit. An objection and motion to strike having been made by appellant in the first instance, he was not required to repeat his objection to the same class of evidence subsequently received (*Moore* v. *Norwood*, 41 Cal.App.2d 359, 368-369 [106 P.2d 939]), nor is there any reason for repeating his objection to the court's subsequent ruling admitting the same evidence. Both respondent and the trial judge were aware of appellant's objections and his failure to repeat them at that time did not deprive respondent of full opportunity to meet 'them during the trial in the court below. Appellant did not thereby waive his objection to this evidence; and he is entitled to a review of the trial court's ruling on appeal.

Appellant's objection was to evidence ''on the subject of employment of servants, and so forth, in the business this lady testifies that she was engaged in, and was unable to do by reason of her injuries,'' and was based ''upon the ground it is not within the issues of the pleadings. In her complaint, as it was at the time of the objection, respondent alleged general damage in the sum of $15,000, that by reason of her said injuries she had been forced to incur bills for all the items included in the court's finding respecting special

damage, excepting the item of glasses, also alleged that she had been forced to incur bills for a housekeeper, and further alleged "the true amounts of said expenditures being unknown to plaintiff at this time, but she will ask leave of court to amend at the time of trial to conform to the true amounts when the same are ascertained."

It is not necessary to determine the question raised by appellant as to whether respondent's allegation respecting the payments made by her to a housekeeper should be construed as an allegation of personal expense or business expense incurred by her. Respondent is not here seeking to recover for her business expense, loss of profits, damage to said business, or even the value of her services to such business, as was the situation in the cases of *Senegram* v. *Groobman,* 30 Cal.App.2d 514 [86 P.2d 859]; *Hoffmann* v. *Lane,* 11 Cal.App.2d 655, 659 [54 P.2d 477]; *Lombardi* v. *California St. Ry. Co.,* 124 Cal. 311, 320 [57 P. 66]; *Pretzer* v. *California Transit Co.,* 211 Cal. 202, 208 [294 P. 382].

In the case at bar, the import of the allegation that respondent received certain physical injuries, that she has suffered and for some time in the future will continue to suffer great pain and mental anguish to her damage in the sum of $15,000 necessarily includes some impairment of her personal capacity to earn money. In the case of *Castino* v. *Ritzman,* 156 Cal. 587, 588 [105 P. 739], the court said:

"A bodily injury may cause financial loss by reason of the party being thereby made unable to work, or to attend to business, as well as by the pain and distress he suffers therefrom. The injury to the person causes all the damage. . . . The plaintiff may recover all the damages proximately caused by the injury (Civ. Code, sec. 3333). It is not necessary in such a case to state separately the amount of the loss that is caused by each element of damage. A general statement of the whole amount of damage will suffice when all the damage claimed is the natural and ordinary effect of the injuries alleged. . . . There was no claim made for special damage to the plaintiff's property, by reason of his inability to attend to his business."

The value, if any, of respondent's time, during the period she has been and will be disabled as the direct and proximate

result of said injuries is an item included in her general damages alleged to have been $15,000 and no special pleading is required (*Armstrong* v. *Ford*, 30 Cal.App.2d 347, 353-355 [86 P.2d 385]; *Treadwell* v. *Whittier*, 80 Cal. 574, 578-580 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498]; *Worden* v. *Central Fireproof Bldg. Co.*, 172 Cal. 94, 97 [155 P. 839]; *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91, 93 [66 P. 72]). The value of respondent's time is the equivalent of her power to earn money. ▓▓▓ The damages to which she is entitled by reason of this loss are not measured by the amount of income or wages lost, but the estimate thereof should be based upon earning power, rather than actual earnings, and the fact that she "was not in the receipt of any salary or wages but was attending to" her "own business, does not deprive" her "of the right to compensation for the loss of" her "earning capacity" (*Storrs* v. *Los Angeles Traction Co.*, supra; *Hicks* v. *Ocean Shore Railroad Inc.*, 18 Cal.2d 773, 785 [117 P.2d 850]). ▓▓▓ Respondent testified that prior to the accident, she was able to do, and did, certain housework, which she was unable to do thereafter; and that the same kind and amount of work was thereafter performed by a housekeeper employed for that purpose. It has been held that evidence of what persons in a similar vocation commonly earn is admissible (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 248 [116 P. 513]; *Storrs* v. *Los Angeles Traction Co.*, supra); that one injured may prove what wages or emolument he was earning or capable of earning prior to the accident (*Perry* v. *McLaughlin*, 212 Cal. 1, 12 [297 P. 554]); and in the case of *Hoffman* v. *Southern Pacific Co.*, 101 Cal.App. 218, 233 [281 P. 681], it was held that "the nature of plaintiff's employment was a well digger, and the cost of hiring a man to take his place while he was incapacitated from his injuries, tended to establish the measure of his damages." It was not error for the trial court in the instant case to admit any of the testimony hereinbefore set forth. It should have been considered in determining respondent's loss of power to earn money as a part of her general damages; ▓▓▓ and the trial court was not required to segregate that item of damage from the other items of general damage found by him to have been suffered by respondent. The finding that respondent "sustained general damage in the sum of $5,000.00" necessarily includes her loss of earning power, if any.

The decisions in the cases of *Bertrand* v. *Pacific Electric R. Co.*, 46 Cal.App.2d 7 [115 P.2d 228], and *Edgar* v. *Bank of America*, 50 Cal.App.2d 827, 833 [123 P.2d 885], are not controlling or even persuasive in the instant action, as both those cases were based upon facts materially different from those here before us. In the Bertrand case, the uncontroverted evidence in proof of definite allegations in the complaint was to the effect that plaintiff had been damaged by lost time alone in an amount far greater than the entire amount of the judgment for damages. In the case of *Edgar* v. *Bank of America*, *supra*, the court said "From the pleadings, the evidence and the instructions to the jury, we are unable to determine whether the proper measure of recovery was applied."

In the case at bar, even if it should be held that a finding should have been made as to the amount of respondent's damage because of her loss of earning power, the court's failure to make such segregation of amounts could not have prejudiced appellant for the reason that the aggregate amount of general damage would have remained $5,000 which is not claimed to be excessive.

Appellant further seeks a reversal of the entire judgment on the ground that the only evidence of any negligence on his part is the testimony of respondent, which he claims is "valueless because of lack of credibility." In this regard, appellant cites several discrepancies between statements of this witness in her deposition taken soon after her discharge from the hospital and her testimony at the trial. The trial judge has determined the witness' credibility and testimony believed by him must be regarded as true by an appellate tribunal, unless it is inherently unbelievable. From the record on appeal, respondent's testimony cannot be so strictured.

Appellant contends that the item of "$30.24 to replace eyeglasses broken in the accident" cannot be recovered because not specially pleaded in the original complaint, citing as authority for this contention the case of *Ramsey* v. *Penry*, 53 Cal.App.2d 773, 777 [128 P.2d 399]. True, special damages cannot be recovered unless they are pleaded, but in the instant action the allegation in the original complaint that "by reason of said injuries, plaintiff has been forced to incur bills for medical attention, hospitalization, nursing, housekeeper,

medicines, ambulance, and so forth, the true amounts of said expenditures being unknown . . ." said allegation having been made definite by amendment at the close of the trial, is sufficient.

It is unnecessary to discuss any of the numerous errors claimed by appellant to have been made in the admission and rejection of evidence, as, from a reading of the entire record on appeal, we are convinced that if all are conceded to be erroneous, still appellant was not prejudiced thereby; and, if the rulings in every instance had been in appellant's favor, the ultimate decision of the action would not have been affected thereby.

For the reasons herein stated the judgment is modified by striking therefrom the phrase "and in addition thereto, Nine Hundred Eighty-nine and 53/100 Dollars ($989.53) special damages" and inserting in lieu thereof the phrase "and in addition thereto, Three Hundred Fifty-nine and 53/100 Dollars ($359.53) special damages." As so modified the judgment is affirmed. Neither party to recover costs on appeal.

York, P. J., and Doran, J., concurred.