[Civ. No. 13735.   First Dist., Div. Two.   Feb. 1, 1949.]

RICHARD G. CLEMENTS, Appellant, v. JESS LANNING, Respondent.

Francis N. Foley and John P. Hearne for Appellant.

Robert G. Partridge for Respondent.

GOODELL, J.—This case arises out of the sale by respondent to appellant of a tractor and bulldozer for $6,500. Appellant sued for damages resulting from the claimed breach of an express warranty, for $10,298.86. The court gave judgment for $1,000, and being dissatisfied therewith, plaintiff appealed.

The complaint is in four counts. The first is based on an express warranty, the second on an implied warranty, the third on alleged fraud in the negotiations leading up to the sale, and the fourth on a claimed overcharge in the sale price.

A nonsuit was granted as to the count on implied warranty and appellant does not attack that ruling. Nor is any attack made with respect to the fraud count.

The appellant's principal attack is directed to the failure of the court to make adequate findings on the material issues of count one or any findings at all on count four.

The complaint alleged, the answer admitted, and the court found, the execution by respondent of a writing dated February 2, 1944, addressed to appellant, reading "I hereby guarantee used Allis Chalmers Diesel Tractor . . . for a period of 60 days from this date, providing it is used for work suitable to its capacity, and further providing that you have a competent operator."

There was no issue raised as to the sale, or the price. The allegation that plaintiff had complied with all the conditions of the sale on his part was not denied, and the court so found. The allegation that defendant warranted the machine as a "rebuilt and guaranteed" machine was not denied. The significance of this phrase is found in a regulation of the Office of Price Administration, then in effect, reading:

"A 'rebuilt and guaranteed' machine or part is a machine or part (i) in which all worn or missing components which should have been replaced or repaired for satisfactory operation, have been replaced or repaired, (ii) which carries a binding written guarantee of satisfactory operation for a period of not less than 60 days—and in addition, in those cases where the machine or part operates under power or pressure, has been tested under power or pressure so as to prove that it has a substantially equivalent performance to that of a new machine or part." The O.P.A. ceiling price for such a machine was $6,500.

That the outfit did not measure up to these specifications is the gist of the plaintiff's case, and the complaint contains allegations of failures and breakdowns, all of which are denied. The complaint alleges that the outfit "was not a 'rebuilt and guaranteed' machine and that all worn or missing components which should have been replaced or repaired for satisfactory operation had not been replaced or repaired." This was denied.

The complaint then alleges:

"That the excess of value which said machine would have had if it had been as warranted . . . over its actual value at that time was and is $2,483.40. That to put said machine in condition to perform the work for which it was warranted

and represented by defendant as capable of performing . . . and to repair the damage resulting from the fact that it was not in that condition, reasonably required the expenditure of the sum of $2,483.40; that to perform the work which reasonably should have been performed by said machine during the time it was undergoing repairs reasonably required the expenditure of $2,815.46 in the rental of temporary replacement equipment for the performance of said work; and that . . . plaintiff's performance of the logging contract and logging operations above mentioned was necessarily interrupted and delayed to the damage of plaintiff by defendant in the sum of $5,000.00,'' and ''That by reason of the failure and refusal of defendant to perform said express warranties, plaintiff has been damaged by defendant in the total sum of $10,298.86.''

All these allegations were denied.

The court made no finding whatever on the issue as to whether or not the outfit was a ''rebuilt and guaranteed'' machine. The court did find that ''within the 60-day period expressed in the written guarantee . . . plaintiff incurred certain expenses in making repairs to the aforesaid tractor'' but did not find as to the reasonable value of such repairs. The court also found that while the repairs were being performed within the 60-day period plaintiff was deprived of the use of the tractor but failed to specify the period of such deprivation, or to find the reasonable value of the loss of use during such period. The court found ''that defendant has not paid to plaintiff the amount required to repair the aforesaid tractor or the amount representing the loss of use of the aforesaid tractor while such repairs were being made.'' No finding at all was made on the issue of loss of profits.

The court's conclusion was, ''That plaintiff is entitled to judgment against defendant in the sum of $1,000.00.''

*James* v. *Haley*, 212 Cal. 142 [297 P. 920] is directly in point. There the plaintiff pleaded that he had been damaged in four distinct particulars. The answer made specific denials with respect to each of them. The court failed to find on any of them, but simply rendered a lump-sum judgment. In reversing, the court said at page 146: ''It is . . . clear . . . that when a plaintiff pleads special damage, which is denied by defendant, and offers evidence to support it, that issue becomes a material one on which the losing party is entitled to a finding. Here the findings are entirely silent as to each and every issue raised in reference to damage. Ever since the adoption of the codes, it has been the rule that findings are

required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed. (24 Cal.Jur., p. 935, sec. 183, and p. 940, sec. 186.)''

The parties "are entitled to special findings upon the issues thus presented in order that they may point out the precise errors of the trial court upon motion for a new trial and upon appeal" (*Klein* v. *Milne*, 198 Cal. 71, 76 [243 P. 420]). Without such findings the complaining party has no way of knowing "in what manner the court determined the amount of the judgment . . ." (see *Wilcox* v. *Sway*, 69 Cal.App.2d 560, 564 [160 P.2d 154]). Under these authorities (see, also, *Fairchild* v. *Raines*, 24 Cal.2d 818, 830 [151 P.2d 260] and *Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561, 576 [177 P.2d 4, 172 A.L.R. 1107]) a reversal is inevitable.

No finding whatever was made on the fourth count. That count alleged that under Regulation No. 136 governing the transaction, the price of $6,500 which appellant paid, amounted to 80 per cent of the new base price and could only have been legally charged for a rebuilt and guaranteed machine which, it is alleged, this was not, but that it was a "second hand" machine as defined by Regulation No. 136 and should have been sold at a price not in excess of 55 per cent of the new base price, or at a maximum of $4,438.50 instead of $6,500 resulting in an overcharge of $2,061.50. The answer denies any overcharge or that defendant is indebted to plaintiff in that or any sum, and denies that there was any violation of the Emergency Price Control Act [56 Stats. 23, 50 U.S.C.A. App. § 901 et seq.] or of any statute or regulation.

While a recovery under count one might preclude one under count four, and *vice versa*, both counts were based on the claim that the outfit was not a "rebuilt and guaranteed" machine as defined by O.P.A. The parties were entitled to a clear-cut finding on that issue. The finding as made simply concludes that plaintiff suffered damage in the sum of $1,000. If the court had found that it was not a "rebuilt and guaranteed" machine it would appear that the measure of damages under the fourth count would not be difficult of determination. The O.P.A. regulation was inextricably tied in with the price. But for the regulation the $6,500 price could not have been asked. For these reasons the necessity for findings on the fourth count is apparent.

. There seems to be no necessity for ordering a new trial. We think it sufficient to follow the pattern laid down by the court in remanding the case of *Scoville* v. *Keglor*, 27 Cal.App.2d 17, 34 [80 P.2d 162]. Findings of fact based on the evidence already taken should be made by the trial court on all the material issues in the cause, including a specification with proper particularity of all items of damage allowed.

If the necessity arises to take additional evidence on any issue or issues, the case of course may be reopened for such purpose.

The judgment is reversed and the cause remanded with the direction just stated.

Nourse, P. J., and Dooling, J., concurred.