[Civ. No. 4099. Fourth Dist. Apr. 20, 1951.]

E. B. HOUGHAM, Respondent, v. RAY EYHERABIDE, Appellant.

Johnston, Baker & Palmer for Appellant.

Calvin H. Conron, Jr., for Respondent.

BARNARD, P. J.—This is an action for damages resulting from a trespass upon about 300 acres of land, owned and farmed by the plaintiff.

The original complaint alleged that the defendant and his servants had trespassed upon the lands in question by driving and grazing a large flock of sheep thereon; and that as a direct and proximate result of said trespass these lands were damaged in that a partially grown crop of wheat was destroyed, the lands were beaten down by the hoofs of the sheep so as to require releveling and redisking, the cover crop was destroyed causing the lands to become susceptible to wind erosion, and the lands have become infiltrated with noxious weed seeds carried on by the sheep, all to the plaintiff's damage in the sum of $8,500. There was also an allegation that said trespass was willful and malicious, with a prayer for an additional $1,500 exemplary damages. A demurrer was filed and sustained, on the ground of ambiguity in that the amounts of the several elements of damage were not separately stated. An amended complaint was filed, the only change being to allege that the lands of the plaintiff were damaged in that a partially grown crop of wheat was destroyed to his damage in the sum of $2,500, the lands were beaten down by the hoofs of the sheep so as to require releveling and redisking to his damage in the sum of $3,500, the cover crop was destroyed causing said lands to become susceptible to wind erosion to his damage in the sum of $1,000, and the lands have become infiltrated with noxious weed seeds carried thereon by the sheep to his damage in the sum of $1,500, all to his damage in the sum of $8,500.

At the beginning of the trial, before any evidence was received, the plaintiff asked for and received permission to amend the allegation as to damage to the growing crop of wheat by raising the amount of damage from $2,500 to $6,000. After hearing the evidence the court found, among other things, that the defendant and his servants had trespassed upon the lands in question by driving and grazing thereon a flock of about 800 sheep. It was then found "that as a direct and proximate result of said trespass the lands of plaintiff were damaged in the sum of $4,500, by reason of which plain-

tiff has suffered damages in said sum." Judgment was entered accordingly, and the defendant has appealed.

It is first contended that it was an abuse of discretion for the court to permit the amendment to the complaint at the trial without notice or without a showing as to the reason therefor. No continuance was asked for and no abuse of discretion appears. (*Duffey* v. *General Petroleum Corp.*, 93 Cal.App.2d 757 [209 P.2d 986].)

The only other point raised is that the court did not make findings on all the material issues, in that the findings did not designate what part of the damage allowed was awarded for each of the four items mentioned in the complaint, and because there was no finding "as to what part of the damages awarded were general and what part was punitive." The appellant cites *James* v. *Haley*, 212 Cal. 142 [297 P. 920]; *Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107]; *Clements* v. *Lanning*, 89 Cal. App.2d 817 [202 P.2d 98]; and *Wilcox* v. *Sway*, 69 Cal.App.2d 560 [160 P.2d 154], as holding that a judgment must be reversed, unless findings are waived, if the court does not find on every material issue.

Appellant's main argument is that there was no finding on the issue of punitive damages; that the evidence failed to show any vindictiveness; that the undisputed evidence is that the appellant told his shepherd to stay off the respondent's property; and that the rule of law that a finding must be had on every issue is important here because the appellant is unable to point out any insufficiency of the evidence because the findings are silent "as to what part of the judgment was for general damages and what part was for punitive damages." In his closing brief the appellant argues that there is no finding "covering the specific elements of damages upon which respondent went to trial" and that it cannot be told "what part of the lump judgment was based on the various special damages and what part was based on the loss for punitive damages."

The material finding here is that as a direct and proximate result of the trespass in question the lands of plaintiff were damaged in the sum of $4,500. It rather clearly appears that this amount was awarded for damage done to the lands of the plaintiff, and that nothing was awarded by way of punitive damages. The evidence, while conflicting, was amply sufficient to sustain the award on the basis of damage done to the land and to the growing crop, which was a part of

the land. So far as the record shows, no request was made at the trial to have the court segregate or itemize the various elements of damage. Aside from the matter of punitive damages, the elements of damage which were itemized in the amended complaint were largely, if not entirely, general in character, being for injuries done to the land and to the growing crops as a part thereof. The appellant has made no attempt to point out any of these items which should be considered as special damages.

In *James* v. *Haley,* 212 Cal. 142 [297 P. 920], several items of special damages were pleaded and the findings were silent on each and every issue of damage raised. It was found that this was prejudicial since three of the four items of damages specifically sued for were suffered by a partnership and not by the plaintiff alone. In *Clements* v. *Lanning,* 89 Cal.App.2d 817 [202 P.2d 98], the court had made no finding at all on the main issues raised with respect to the breach of certain warranties. We find nothing in the cases of *Severance* v. *Knight-Counihan Co.,* 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107] and *Wilcox* v. *Sway,* 69 Cal.App.2d 560 [160 P.2d 154] which is controlling here.

In other cases, the particular circumstances have prevented a strict application of the rule relied on by the appellant. In *Staub* v. *Muller,* 7 Cal.2d 221 [60 P.2d 283], it was contended that the court should have found, separately, upon two elements of damage alleged: (1) damage to the freehold, and (2) damage to the crop. The court said: "At the trial appellant made no request for segregation of the items of damage. In the absence of such request, it was not absolutely necessary that the findings should contain the segregation (citing cases), and any uncertainty in said findings will be construed so as to support the judgment, rather than defeat it." The same principle was followed in the case of *Murphy* v. *Stelling,* 8 Cal.App. 702 [97 P. 672].

█ Judgments will not be reversed for a failure of the findings to segregate the different items of damage unless it appears that the appellant is prejudiced. (*Scoville* v. *Keglor,* 27 Cal.App.2d 17 [80 P.2d 162].) In *Wiley* v. *Wright,* 26 Cal.App.2d 303, 308 [79 P.2d 196], this court said:

"While it is true that his complaint alleged this personal type of damage under two separate specifications which we have referred to above under the respective letters (c) and (e), yet there was no intrinsic reason for so separating them, nor were they essentially severable either in their origin or

in their effect. While, therefore, we do not doubt the correctness of the principle invoked that where damages of an essentially severable character are specially pleaded the findings should follow the pleadings, it does not seem to us that the mere circumstance that in plaintiff's pleadings an effort was made to break up this essentially single type of damage into two elements required the court to follow that course."

It clearly appears that no punitive damages were included in the award made by the findings and judgment and, under the circumstances here appearing, it must be held that no reversible error appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 18, 1951. Edmonds, J., Traynor, J., and Schauer, J., voted for a hearing.