[Civ. No. 27048.   Second Dist., Div. Three.   Oct. 8, 1963.]

RELAXACIZOR, INC., Plaintiff and Appellant, v. W. B. GEISSINGER & COMPANY, INC., Defendant and Respondent.

20

Joseph Ostrow for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

SHINN, P. J.—Plaintiff and defendant are corporations. Defendant, an advertising agency, placed plaintiff's advertising in national magazines upon a commission basis. The relationship existed for a number of years until it was terminated by plaintiff in July 1961. It was customary for defendant to render monthly statements for plaintiff's approval. After the employment of defendant was terminated plaintiff brought suit for $3,789.07 upon an account stated and for money had and received. Defendant answered with denials and filed a cross-complaint for $9,140.51, one of the causes of action alleging an account stated in that amount. The court found that defendant was indebted to plaintiff in the amount of $3,789.07 for which it was given judgment, with costs. The court also found that plaintiff was indebted to defendant in the amount of $3,855.01 for which sum, with costs, defendant was given judgment. Plaintiff appeals.

The principal ground of the appeal is that the findings are so vague, ambiguous and uncertain as to furnish no support for the judgment. The attack is limited to the findings on the cross-complaint.

Defendant has not filed a brief and plaintiff has waived oral argument. Pursuant to rule 17(b), California Rules of Court,* the appeal was ordered submitted upon plaintiff's brief.

The findings were prepared by defendant's attorneys. Plaintiff did not object to them, request other findings or question the adequacy of the findings upon its motion for a new trial. It could be denied the right to raise the point upon appeal. (*Moore* v. *Craig,* 5 Cal.App.2d 283 [42 P.2d 647]; *Robison* v. *Hanley,* 136 Cal.App.2d 820 [289 P.2d 560].)

Defendant, by means of a brief, could have questioned plaintiff's right to attack the findings for insufficiency, but it has waived the point by failing to file a brief. Therefore,

*Formerly Rules on Appeal, rule 17(b).

notwithstanding plaintiff's failure to object to the findings in the trial court we shall consider this ground of appeal.

The failure of defendant to file a brief makes it permissible for this court to accept as true the facts stated in plaintiff's brief (rule 17(b)), but we do not accept as true plaintiff's statement of facts as to which no findings were made and none were requested by plaintiff.

Defendant furnished the following bill of particulars:

| | | |
|---|---:|---:|
| "50% of the commission on 1960 CORONET Contract | $1244.53 | |
| "Monthly pro-ration of Bruce Kaump's office occupancy at WBG & Co Inc for October, November, December, 1960 [at] $40.73 per month | 122.19 | |
| "Social Security Taxed paid by WBG & CO INC for Bruce Kaump (1956 thru 1958) and E Ric Clark (1956 thru September 1960, and January thru September 1961) | 1094.80 | |
| "50% of the commission on November and December 1961 GLAMOUR | ~~1950.99~~ | 1530.01 |
| "Difference between ½ commission - 1961 - $16,136.01 and total paid out by WBG & CO INC, based on ⅓ commission - $18,960.00 | 2823.99 | |
| | $6815.51" | |

The cross-complaint stated causes of action upon an account stated, upon an open book account and for services rendered. As to each cause of action the court found the facts alleged to be true "except that it is specifically found that there is now due, owing and unpaid the sum of $3,855.01."

Manifestly, defendant's claim was based upon the items stated in its bill of particulars, all of which were disputed by plaintiff. The basis of the finding is not only obscure but is undiscoverable in the record. Clearly the findings imply that some of the items were proved and others were not. Plaintiff refers us to several of defendant's monthly statements, introduced by plaintiff, and asserts that when they are compared with the items in defendant's bill of particulars it will appear that defendant had been paid in full, by credits given, for four of the items listed in the bill of particulars, and that it was shown, by other evidence, that nothing was

due defendant upon the fifth item. We have examined the exhibits and the evidence referred to but our examination has served no purpose except to emphasize the necessity for more particular findings. There must have been some theory, some interpretation of the evidence, which caused the court to find that plaintiff was indebted to defendant in the amount of $3,855.01 but we cannot discover how the court arrived at this figure. There is no combination of the items listed in the bill of particulars which adds up to $3,855.01. The record contains no statement of the court as to its factual conclusions.

Findings must be so framed as to afford the defeated party an opportunity to question the sufficiency of the evidence to support them and to point out in further proceedings the claims of error. (*Andrews* v. *Cunningham,* 105 Cal. App.2d 525, 528-529 [233 P.2d 563]; *Fairchild* v. *Raines,* 24 Cal.2d 818, 830 [151 P.2d 260]; 24 Cal.Jur. 963-964; *Klein* v. *Milne,* 198 Cal. 71, 76 [243 P. 420]; *Clements* v. *Lanning,* 89 Cal.App.2d 817, 820 [202 P.2d 98].)

Before any claim of insufficiency of the evidence to support the findings can be intelligently considered it will be necessary for the trial court to make findings whether plaintiff was indebted to defendant and, if so, which of defendant's charges remained unpaid.

The judgment is reversed for further proceedings in accordance with the foregoing; the purported appeal from the order denying appellant's motion for new trial is dismissed; no costs to appellant.

Ford, J., and Files, J., concurred.