[No. 8,616.  Department One.—August 22, 1884.]

# I. N. STRETCH, RESPONDENT, *v.* JAMES TALMADGE, APPELLANT.

PARTNERSHIP—ACCOUNTING—PARTIAL SETTLEMENT BY PARTNERS.—In an action to dissolve a partnership, and for a settlement of its affairs, where a partial settlement has already been made between the partners, the accounting should be limited to the unsettled portion of the partnership business.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts appear in the opinion of the court.

*J. B. Hall,* for Appellant.

*Byers & Elliott,* for Respondent.

McKEE, J.—This was an action for the dissolution of a partnership, and settlement of the partnership accounts.

Existence of the alleged partnership was denied. But the court found that in the year 1876 plaintiff and defendant entered into a partnership to manufacture and sell bricks, the profits and

loss of which were to be divided equally between them; that under the articles of partnership there was manufactured, between the months of March and September, 1876, two kilns of brick, and these constituted the entire partnership property. The first kiln was sold entire, and the second from time to time in parcels, until all were disposed of. There were no outstanding debts owing by or due to the firm. The partnership was therefore in a condition to be dissolved, and to be wound up.

But the partners themselves had made a settlement as to the first kiln. Upon the account stated by them in that settlement, there was found due from the plaintiff to the defendant three hundred and seventy-five dollars for his share of the profits from the sale of the kiln. For that sum the plaintiff gave his promissory note to the defendant, payable on demand, with interest at one and one quarter per cent per month until paid. The defendant accepted the same in settlement, and afterwards brought suit upon it to recover the amount due, and that suit was pending at the commencement of the action in hand.

The court ruled that "the business relating to the burning and selling of the second kiln of brick" was the only partnership business unaccounted for and unsettled, and limited the accounting to that kiln. In this, it is said, there was error, because, as neither the settlement nor the suit pending upon the note given in the settlement, wrought a change of the partnership relations, it was the duty of the court, in an action to dissolve those relations, to take an account of all the partnership affairs from the beginning.

It is, undoubtedly, generally true, that in an action to dissolve a partnership, and for a settlement of its affairs, the account must be taken from the beginning until the end of the partnership. But if there has been a partial settlement between the partners themselves, that fact may be proved in the action (*Clark* v. *Gridley*, 41 Cal. 119); and if proved, the settlement will be considered valid as between the partners themselves, unless it is assailed on the ground of mistake, error, or fraud. (Story Part. p. 349.) If there is no valid objection to the settlement, it is conclusive upon the parties as far as it goes, and leaves open only the unsettled portion of the account. (*Foster* v. *Rison*, 17 Gratt. 321; *Parkhurst* v. *Muir*, 7 N. J. Ch. 555.) There would seem

to be no good reason, in the absence of any objection to such a settlement, why it should be reopened. The limitation of the accounting to the second kiln of brick was, therefore, proper.

The court found that a quantity of the bricks of the second kiln was taken possession of by the defendant and converted to his individual use, and that the value of the plaintiff's share in the same amounted to $75. This finding is attacked as unsustained by the evidence. But the evidence showed that sales were made from time to time through the years of 1876 and 1877 by the partners respectively, and also by an agent appointed by them for that purpose, and the defendant in his testimony admits that after the agent ceased to act he took possession and disposed of all the bricks that were left.

The account of the transactions showed a balance in favor of the plaintiff of $152.75. And for that amount the court, after decreeing a dissolution of the partnership, gave judgment in favor of the plaintiff against the defendant, without costs. This adjusted and settled the entire partnership affairs, and we find no error in the judgment.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.