[Civ. No. 5238.    Second Appellate District, Division Two.—September 8, 1926.]

## LOS ANGELES CITY HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY, Respondent, v. HAYDEN T. HYATT, Appellant.

[1] CONDEMNATION OF LAND — VALUATION — FINDING—EVIDENCE—APPEAL.—In this action in eminent domain for the acquisition of certain property for school purposes, a finding of the trial court as to the valuation of the property will not be disturbed on appeal where there was a substantial conflict in the evidence on the subject of valuation.

[2] ID.—VALUE—SUBDIVISION OF LAND—EVIDENCE.—In such action, the trial court properly sustained objections to questions asked by defendant of a witness on direct examination regarding the value of the property as a subdivision proposition.

[3] ID.—DAMAGES—ZONING RESTRICTIONS—EVIDENCE.—In such action, it was the duty of the trial court to consider all conditions having any bearing upon valuations, and the defendant having made no objection to evidence concerning zoning restrictions to which the property in question was subject, cannot raise the point for the first time on appeal that the consideration of such restrictions was an unjust handicap to defendant in fixing the award of damages.

---

(1) 4 **C. J.**, p. 883, n. 33; 20 **C. J.**, p. 991, n. 16.    (2) 20 **C. J.**, p. 774, n. 91, p. 986, n. 73.    (3) 20 **C. J.**, p. 986, n. 72, p. 1102, n. 76.

APPEAL from a judgment of the Superior Court of Los Angeles County. T. A. Norton, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

---

2. See 10 Cal. Jur. 358.

M. J. McGarry for Appellant.

Edward T. Bishop, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

CRAIG, J.—This is an action in eminent domain for the acquisition of certain property in Los Angeles County for school purposes alleged to be required by the public interest, convenience, and necessity. It was tried before the court without a jury, and judgment was entered directing that respondent take the property here involved, for said purposes, upon the payment to appellant of $75,000 and costs.

[1] The principal ground of appeal is that the amount allowed is wholly inadequate, and that the evidence warranted the finding and allowance of a higher valuation. It appears that the property sought to be condemned consisted of about five acres, that it was unimproved, but suitable for residences, flats, apartments, and bungalows, and was surrounded by improved property. Appellant's witnesses testified that the land was worth $225,000 to $350,000 whereas the witnesses for respondent placed its market value at $70,000 to $75,000.

Appellant contends that because respondent's witnesses MacKeigan and Kelliher made official appraisements for the county and for the school board, that they were biased, and follows the statement of the witness Robinson that he did not inquire about or consider the effect of the sale of adjoining property improved with a bungalow court, with the argument that respondent's witnesses "deliberately refrained from making any inquiries or investigation which would in any way influence or guide or assist them in arriving at a conscientious valuation of appellant's property." Witness Kelliher testified that he appraised and bought all property for Los Angeles County; that he had been engaged in the real estate brokerage business for twenty years, and that he believed the property in suit had a market value of $75,000. The witness MacKeigan had been an insurance broker for a period of twenty years, appraised for the county and for banks, mortgage loan companies and individuals; he swore that he was familiar with the Hyatt property and examined it for the purpose

of determining its market value as of the date suit was filed; that he had on four or five occasions talked with owners of property in the neighborhood, and obtained details of sales in that immediate vicinity; that he took into consideration selling agency, reasonable charge for subdivision, profit charge and expenses, and with·these elements in mind he fixed the market value of appellant's property at $75,000. Urban was a real estate broker, located within five and a half blocks of the Hyatt property for a period of four years and eight months; he examined it, and placed its market value at $70,000 to $75,000. Robinson, a real estate broker in the same vicinity, stated that he was familiar with the location, general environment and situation of the property involved, and that its market value was $70,000 to $75,000. Two witnesses who were called and testified for appellant—a civil engineer and a real estate broker, respectively—apparently considered the property worth much more. It is unnecessary to cite authorities for the rule that a finding of fact upon an issue as to which there is a substantial conflict in the evidence will not be reviewed upon appeal. There was substantial evidence to sustain even a lower valuation than that made by the trial court.

[2] Counsel for appellant asked a witness on direct examination regarding the value of the property as a subdivision proposition, to which objections were sustained, and this is assigned as error. The rulings were correct. (*Sacramento etc. R. Co.* v. *Heilbron*, 156 Cal. 408 [104 Pac. 979].) It appears in respondent's brief, however, and is not contradicted, that the witness answered the questions, by stating that if subdivided into lots it would sell for $225,000 to $250,000.

[3] It is insisted that the consideration of zoning restrictions to which the property in question was subject was "an unjust handicap to appellant in fixing the award of damages." There might be many considerations which if removed would enhance the value of real property, but when they exist they should be observed. It was the duty of the trial court to consider all conditions having any bearing upon valuations. Furthermore, appellant made no objection to such evidence and cannot raise the point here for the first time.

There is no error in the record and the interlocutory decree should be affirmed.

The decree appealed from is affirmed.

Finlayson, P. J., and Works, J., concurred.