[Civ. No. 14576.  First Dist., Div. Two.  July 18, 1951.]

VELLA M. ANDREWS et al., Appellants, v. JAMES F. CUNNINGHAM et al., Respondents.

JAMES F. CUNNINGHAM et al., Respondents, v. VELLA L. ANDREWS et al., Appellants.

James F. Boccardo and Jean M. Blum for Appellants.

Wyckoff, Gardner, Parker & Boyle for Respondents.

DOOLING, J.—Vella M. Andrews was the owner of land in Santa Cruz County on which she desired to have a house and other improvements built. To this end she entered into an oral agreement with Cunningham and Welch, a copartnership, who were general contractors. The agreement was entered into the latter part of 1946. Work on the improvements was begun in September, 1946, and was completed in the early part of 1947. The agreement, and the work performed pursuant thereto, resulted in the following litigation:

Vella Andrews filed a complaint against Cunningham and Welch for damages for breach of contract. An answer and cross-complaint were filed by defendants, and at the conclusion of the trial an amended cross-complaint was filed. These pleadings comprise action No. 22197. Cunningham and Welch filed a separate complaint for the balance claimed due them on the contract and to have the amount declared a lien on the property. Andrews answered and cross-complained. This was action No. 22226.

The actions were consolidated for trial. Hereafter Vella Andrews will be referred to as the plaintiff, and Cunningham and Welch as defendants.

The trial of the action resulted in a judgment in favor of defendants for $5,080.81 from which the plaintiff appeals. The court found that under the oral contract the defendants were to be paid on a time and material basis plus 10 per cent, that this amounted for the entire job to $16,080.81, that $8,000 had been paid on account and that plaintiff was entitled to an offset of $3,000 by reason of defendants' unskilled, unworkmanlike and careless construction.

The findings were made by reference to the pleadings and after an analysis of the pleadings and findings we are convinced that some of the material findings are not only not supported by any evidence but are expressly contrary to all of the evidence introduced on the subject by both parties, that by reason of this fact and the extremely general character of other findings the findings as a whole are so vague, ambiguous, uncertain and self-contradictory as to require a reversal of the judgment.

It is undisputed that the oral contract entered into by the parties was to build a home of hollow concrete tile in accordance with plans drawn by a firm of architects. It cannot be disputed that these plans expressly call for certain structural features alleged as a part of the contract in paragraph III of plaintiff's complaint in the foolowing language: "that the

defendants . . . agreed to construct the . . . house and garage with top course 8″ x 8″ concrete bond course with two (2) ⅝″ rods horizontally . . . to construct . . . house and garage with . . . outside walls with ⅜″ iron rods horizontally every third course . . . to construct . . . house and garage with concrete lintels over all openings . . . to reinforce and construct the concrete floor slabs . . . with wire mesh.''

The court found that ''(n)one of the allegations in the paragraphs numbered II and III is true except that the areas of the floor space of the house and garage . . . are 1060 square feet and 460 square feet, respectively, and except that plaintiff'' owns the property. By reference to the allegations of paragraph III above quoted and the quoted finding in relation to it the court found, against all of the evidence introduced on that subject, that the parties did not agree to any of the four structural features therein alleged.

Since a departure from two of these features was admitted, the substitution of angle irons and hollow tile over the openings for concrete lintels everywhere but in the garage and of hollow tile for a concrete bond top course, and since the evidence, to put it mildly, heavily preponderates to support a finding that no wire mesh was placed in the concrete floors, and since the mason who laid the walls as a subcontractor expressly testified ''I wasn't asked to follow anything specified'' and that rods were not placed horizontally in every third course (which testimony was supported by test holes made in several places in the walls), this express finding that none of these features was agreed to by the parties should itself result in a reversal, unless construing the findings liberally, as we are required to do on appeal, we can find that other findings so clearly correct this error of the court that it did not result in prejudice to the plaintiff.

It was defendants' theory on the trial that the substitution of other material for concrete lintels and top course was a deviation requested and orally agreed to by plaintiff. There was no claim and no attempt to prove that the deviations in the omission of mesh from the concrete floors (if proved) and of horizontal rods in every third course in the walls was consented to by plaintiff.

In paragraph IV of the complaint it is alleged that defendants failed to erect the house and garage with a concrete top bond course, with horizontal iron rods in every third course, with concrete lintels over openings and with wire mesh in the concrete floors.

The trial court found that "(n)one of the allegations in . . . paragraph . . . IV is true except that:

"1. Said defendants agreed to construct certain improvements . . . according to certain agreed plans from which during the course of construction, deviations and departures were made with the consent of said plaintiff;

"2. Said defendants commenced the construction . . . on or about September 3, 1946 and . . . ceased work . . . on February 19, 1947; and

"3. A portion of the work of construction thereof was done in an unskilled, unworkmanlike and careless manner."

The court further found:

"It will reasonably cost plaintiff . . . the sum of Three Thousand Dollars ($3000.00) to repair said house and garage and make it in the condition in which it would have been had defendants constructed the same in a skilled, workmanlike and careful manner."

These findings are so general that they are little better than the general verdict of a jury. Since the court found expressly that the contract did not call for any of the four structural features above discussed and which were embodied in the only plans before the court what plans did the court intend to find were the basis of the contract? If the court intended to find that the agreed plans were those which contained the four structural features which it had previously expressly found were not agreed upon what deviations did the court intend to find were agreed upon? And what deviations led the court to find that the defendants did the work in such an unskilled, unworkmanlike and careless manner that it would cost $3,000 to put it in a proper condition? If the court intended to find that none of the alleged deviations from the plans occurred the finding is not supported by the evidence. If the court intended to find that some of them occurred it is impossible to determine from the general finding of negligent and unworkmanlike construction which, if any, were in the mind of the judge.

. ▮ It is elementary law, recently reiterated in *Fairchild* v. *Raines*, 24 Cal.2d 818, 830 [151 P.2d 260] that: "Ever since the adoption of the codes, it has been the rule that findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the court renders judgment without making findings on all material issues, the case must be reversed." ▮ It is the equally well settled rule that "findings of fact should be definite and certain. They should be so framed that the defeated party can specify

intelligibly the particulars in which they are not supported by the evidence, where such point is made.'' (24 Cal.Jur. 963-964.) ▆ So ''[w]here there are contradictory findings about matters material to the merits of a case, and the determination of them . . . is essential to the correctness of the judgment, the judgment cannot stand.'' (24 Cal.Jur. 965-967.) ▆ Finally ''(t)he parties 'are entitled to special findings upon the issues thus presented in order that they may point out the precise errors of the trial court upon motion for a new trial and upon appeal.' (*Klein* v. *Milne*, 198 Cal. 71, 76 [243 P. 420].)'' (*Clements* v. *Lannings*, 89 Cal.App.2d 817, 820 [202 P.2d 98].)

We confess that we cannot ascertain from the hodge-podge of findings made just what issues were decided in favor of either party. On many of the issues the evidence heavily preponderates in favor of the plaintiff and on one, the failure of the contractor to place horizontal rods in every third course, it is undisputed that the contract was not followed and no deviation from the plans was agreed to. There was substantial evidence that this rendered the walls structurally unsound and that there was no way to remedy this short of tearing them down and rebuilding them. Did the court intend to find that the contract was not departed from in this particular? Such a finding would find no support in the evidence. Did the court intend to find that plaintiff agreed to this deviation? Again no support in the evidence. Did the court intend to find that this was unworkmanlike, unskilled and careless construction which could be remedied by expending $3,000 or some part of it? Still no support in the evidence. Did the court intend to find that the deviations were trivial or excusable and that the contract in this respect had been substantially performed? If so there is no such finding.

▆ The discussion of this one issue demonstrates the hopelessly uncertain state of the findings. While the findings are to be liberally construed on appeal to support the judgment they must be sufficiently definite and intelligible to dispose of the material issues tendered without resort to pure speculation and conjecture. The findings in this case do not measure up to this minimum requirement and if justice is to be done between the litigants this bare minimum must be met.

Judgment reversed.

Goodell, J., concurred.