[Civ. No. 23523. Second Dist., Div. One. Sept. 7, 1960.]

THE PEOPLE, Respondent, v. JENNIE M. WERNER et al., Defendants; STANLEY A. NEWMAN, as Public Administrator, etc., Appellant.

Conron, Heard & James and Calvin H. Conron, Jr., for Appellant.

Stanley Mosk, Attorney General, Walter S. Rountree, Assistant Attorney General, Marvin Goldsmith, and Henry K. Workman, Deputy Attorneys General, for Respondent.

LILLIE, J.—The state sued to condemn certain real property for park purposes; named as one of the defendants was appellant herein, Dalbert M. Greenleaf, owner of Parcel 58. The court sitting without a jury heard the matter on the sole issue of fair market value and entered an award for $100. In propria persona defendant Greenleaf appealed from the judgment; pending appeal he died and the administrator of his estate has been substituted in his place and stead.

Appellant's only contention is the inadequacy of the award, which he predicates on a purely factual argument; he claims that inasmuch as Lot 507, zoned R-1, and located near Parcel 58, sold for $2,800 on July 12, 1956, the evidence does not support the trial court's finding of value and subsequent award of $100.

The evidence discloses that Parcel 58, 38 feet wide and 79 feet deep, is one of a tier of lots located seaward from Shore Drive in Pierpont Bay Tract in Ventura. Shore Drive once was a macadam street and now, covered with sand dunes 12 to 15 feet high, exists only on paper. Parcel 58 is contiguous to the ocean, subject to flooding part of the time and is unimproved. Years ago a number of homes were built on this tier of lots seaward from Shore Drive, but many were destroyed during the storms of 1937 and 1938 and those remaining were

moved inland. For the past 20 years there has been no development here—in fact, the county building inspector does not issue permits to construct homes on these lots seaward from Shore Drive and the county health department will not permit septic tanks to be installed thereon.

Appellant offered certain evidence, three exhibits (grant deed dated July 12, 1956, for Lot 507, showing Internal Revenue Stamps in the sum of $3.30 (1); excerpts from a zoning ordinance (2); and tract map showing location of Lot 507 (3)); and testified that he purchased Parcel 58 in 1952 through a tax sale for $75, since, he has erected no structure thereon, put no improvements on the property and installed no utilities, and has never attempted to lease or sell the same. As the owner, he did not offer his own opinion of the market value of Parcel 58; Exhibit 1 (deed) reflects the price paid for Lot 507 in 1956 to be $2,800. Appellant offered nothing to show that the sale of Lot 507 was comparable to the one at bar; on the contrary, his evidence discloses that Lot 507 is in an area landward from Shore Drive where building permits are obtainable.

A duly qualified expert in real estate appraisals in that area testified for respondent. In connection with Lot 507, his testimony was that it lies landward from Shore Drive, the area is zoned for building, building permits can be obtained therefor, and after the sale of Lot 507 in 1956 a house was actually built thereon. He further stated that this sale and others inland from Shore Drive are not significant on the market value of lots lying seaward of Shore Drive inasmuch as the former can be used for building, whereas the latter cannot.

The expert also testified that as of April 10, 1958, the date of trial, Parcel 58 was worth at least $80. He predicated this value on the nature, history, location and typography of the lot, the availability of permits to build thereon and on six sales of land similarly situated lying seaward of Shore Drive in the area subject to the ban on construction, ranging from $40 to $100 per lot.

In his notice of appeal appellant has petitioned this court "to order a trial of this matter in the Appellate Court" or in the alternative, "a Review by the Appellate Court of material contained" in the pleadings and presented at the trial. ■ Relative to a trial in the appellate court, we cannot substitute a factual determination under the fact-finding power provided in 956a Code of Civil Procedure for the find-

ings of the trial court, which court is the normal and primary finder of facts. (*Larson* v. *Thoresen,* 36 Cal.2d 666 [226 P.2d 571].) Section 956a was never "intended to abrogate the general rule respecting the powers of the trial court in its determination of questions of fact or the rule that the reviewing court is bound by the findings of the trial court if based upon substantial evidence." (*Tupman* v. *Haberkern,* 208 Cal. 256, 265 [280 P. 970].) ▮▮ In connection with a "review" by this court, we are bound by the fundamental rule on appeal that it is not our function to appraise or reweigh the evidence. (*Redondo Beach School District* v. *Flodine,* 153 Cal. App.2d 437 [314 P.2d 581]), and the power of the reviewing court " 'begins and ends with a determination of whether there is any substantial evidence contradicted or uncontradicted, which will sustain the findings made or the judgment rendered.' " (*San Francisco Unified School District* v. *Board of National Missions,* 129 Cal.App.2d 236, 240 [276 P.2d 829].)

▮▮ Evidence establishing market value of Parcel 58 over and above the $100 awarded is absent in the record before us, and appellant's reliance upon the sale of Lot 507 is entirely misplaced. Although appellant offered in evidence a deed purporting to reflect a sale of Lot 507 in the sum of $2,800 in 1956, before it was received by the court, he made no showing that the land was comparable, as located sufficiently near Parcel 58 and sufficiently like in character, situation, usability and improvements. (*County of Los Angeles* v. *Faus,* 48 Cal.2d 672 [312 P.2d 680].) In fact, all of the evidence received in this connection, part of which was offered by appellant himself, appears to be to the contrary. As to the location of Lot 507, it is said to be near Parcel 58, but it is actually situated in quite a different area. Outside of the fact that both lots are beach properties, few other similarities exist— Lot 507 lies landward of Shore Drive, Parcel 58 is located seaward; the latter is not accessible by a usable road; Parcel 58 is subject to flooding and all buildings located on the tier of lots, of which this is one, not destroyed by storms have 20 years ago been removed; Parcel 58 is not improved, while a house has been built on Lot 507 since 1956; and building and other permits from the county building and health departments are not obtainable for Parcel 58, the property cannot be used for building and no utilities have been installed thereon. In weighing the evidence the trial court, had a right, and indeed it was its duty, to reject such a sale as significant on

the issue of value of Parcel 58. (*County of Los Angeles* v. *Faus*, 48 Cal.2d 672 [312 P.2d 680].)

As to the sufficiency of the evidence to sustain the award, the reasonableness of the trial court's valuation of Parcel 58 is borne out by the opinion of a qualified expert who testified that the fair market value (*Sacramento Southern Railroad Co.* v. *Heilborn*, 156 Cal. 408 [104 P.2d 979]) of appellant's lot was at least $80 at the time of the trial. His opinion was based upon several factors—the location of Parcel 58, the lack of a navigable street or road to the property, the unavailability of building and other permits for construction thereon, the absence of improvements and utilities on the property, the removal 20 years before of all buildings on the subject tier of lots due to storm conditions, and six comparable sales of land similar in that they are near and lie seaward of Shore Drive in the area subject to the ban on construction, ranging from $40 to $100 per lot. The expert further testified that "there are restrooms located at the foot of Seaward Avenue which set outside of Shore Drive" and that the sewage septic system for them is located 140 feet inland from them and Shore Drive. These facts determining in his mind the highest and best use of Parcel 58, he concluded "if you can't build on it you certainly don't have any good use for the property, because the beach itself, the use of the beach has been public for many, many years."

Nothing was offered to contradict the expert's opinion as to market value; under the evidence before us it would have been wholly unreasonable for the trial court to have fixed the value of Parcel 58 above the $100 amount awarded. In fact, there was ample evidence to sustain even a lower valuation by the court. (*Los Angeles High School District* v. *Hyatt*, 79 Cal.App. 270 [249 P. 221].) We find nothing in the record to justify an interference with the findings of the trial court on this purely factual matter. (*County of Los Angeles* v. *Carpenter*, 118 Cal.App.2d 871 [258 P.2d 1056]; *San Francisco Unified School District* v. *Board of National Missions*, 129 Cal.App.2d 236 [276 P.2d 829].)

For the foregoing reason the judgment is affirmed.

Fourt, Acting P. J., and Scott (Robert H.), J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.