[Civ. No. 19453. First Dist., Div. Two. May 22, 1961.]

CHARLES L. NEILL et al., Respondents, v. SAMUEL P. KLOBAS et al., Appellants.

Pelletreau, Gowen, Moses & Porlier and J. Vance Porlier for Appellants.

Louis A. Filice for Respondents.

STONE, J. pro tem.* — Plaintiffs and cross-defendants, hereinafter referred to as plaintiffs, the owners of real prop-

*Assigned by Chairman of Judicial Council.

erty in Richmond, entered into a written contract with defendants and cross-complainants, hereinafter referred to as defendants, for the construction of a "multiplex" of 11 units with carports. The contract price was $54,880, payable in five installments of $8,476 each, and a note and trust deed for $12,500 payable on or before completion. Plaintiffs arranged to finance construction through the Mechanics Bank of Richmond which placed $33,000 in plaintiffs' loan account, plaintiffs adding $9,618.95 in cash. The remainder of the contract price, which was evidenced by the $12,500 note and trust deed, was to be obtained by plaintiffs' selling their home in Berkeley. The bank, however, required a bond guaranteeing that construction would be completed before releasing any of the building account funds. This required an immediate sale of the Berkeley property and a deposit of the proceeds in the building account in lieu of the note and deed of trust. Plaintiffs were unable to sell the property and obtain the bond. Both parties repeatedly tried to secure the bond, without success. Defendants commenced excavating but shortly thereafter plaintiffs notified them that the Berkeley property had not sold; that the listing had expired; and that they were not going to renew the listing. This meant that no completion bond could be obtained, so defendants stopped work.

[■■] Plaintiffs sued for rescission of the contract and to quiet title against the note and deed of trust. Defendants cross-complained for damages for breach of contract. It was disclosed during trial that plaintiffs had negotiated with another contractor for a smaller and different type of "multiplex" costing less money. The negotiations with the other contractor occurred before plaintiffs notified defendants that they were not going ahead with the contract, but the building was not constructed until after rescission.

The court made separate findings of fact and conclusions of law for the complaint and for the cross-complaint. Both present essentially the same issue, breach of contract, and the findings and conclusions of law as to each are predicated upon the same evidence. Yet, the conclusions of law as to the issues raised by the complaint hold that there was no breach of contract, but a mutual abandonment, while the conclusions of law as to the same issues raised by the cross-complaint hold that the plaintiffs breached the contract. This conflict between the conclusions of law on the complaint and cross-complaint based upon the same evidence is basic and

irreconcilable. Either the contract was rescinded by mutual consent and neither party was entitled to damages as the conclusions of law on the complaint hold, or the plaintiffs breached the contract and defendants are entitled to recover as the conclusions of law on the cross-complaint hold.

There is yet another conflict in that the findings from which the conclusions of law as to the complaint are drawn recite that plaintiffs breached the contract. Thus, as to the complaint, the findings are that there was a breach and the conclusions of law predicated thereon hold that the parties mutually abandoned the contract. The conflict between the findings and conclusions of law, as well as between the two sets of conclusions of law, compel a reversal of the judgment. (*Swanson* v. *Wheeler*, 112 Cal.App.2d 43, 45 [245 P.2d 699]; *Andrews* v. *Cunningham*, 105 Cal.App.2d 525, 529 [233 P.2d 563].)

There is one other point which should be discussed since it will have a material bearing on the retrial of the case. The court's findings and conclusions of law as to the cross-complaint establish that there was a breach of contract by plaintiffs. The damages were found to be nominal and fixed at $100. There is no evidence to support this finding and judgment. On the record before us, if defendants are entitled to recover anything, they are entitled to recover for all the detriment suffered.

Civil Code, section 3300, provides: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (See also *Coughlin* v. *Blair*, 41 Cal.2d 587, 603 [262 P.2d 305].) Very little attention was devoted to the question of damages, and the trial court evidently based the finding of $100 nominal damages on the value of the excavating defendants completed before plaintiffs rescinded. Yet there is no evidence concerning the value of this work. The only testimony concerning damages was that of one of the defendants who stated that their profit would have been right around $6,000. The finding of $100 damages is not supported by the evidence.

The judgment is reversed.

Draper, Acting P. J., and Shoemaker, J., concurred.