[Civ. No. 128. Fifth Dist. Dec. 13, 1962.]

PETRA SIMONI, as Administratrix, etc., Plaintiff and Respondent, v. LAZ SIMONI, Defendant and Appellant.

Mack, Bianco, King & Eyherabide and Stephen Eyherabide for Defendant and Appellant.

Dorris, Fleharty & Underhill and Thomas Underhill for Plaintiff and Respondent.

STONE, J.—Plaintiff, as administratrix of the estate of Alfred Simoni, deceased, brought this action for a dissolution and an accounting of a partnership between her deceased husband and his brother. Plaintiff recovered a judgment in the sum of $4,500 against defendant, Laz Simoni, who has appealed.

The Simoni brothers entered into a written partnership agreement dated January 1, 1949, by which they agreed to farm certain leased land in Kern County, and to share equally in the profits and losses resulting therefrom. The farming partnership terminated upon the death of Alfred July 14, 1957. Plaintiff, his wife, was appointed administratrix of his estate, but being inexperienced in farming she permitted Laz to take possession of the partnership property pending dissolution. By April 24, 1958, Laz had paid and discharged all partnership liabilities. The parties then divided the partnership assets, consisting mostly of equipment and farm leases, and began separate farming operations. Apparently plaintiff became dissatisfied with the distribution of assets, and filed this action for a dissolution of partnership and an accounting. Shortly before the time for trial the parties made a second effort to divide the property. Plaintiff again was dissatisfied, and the action was brought to trial.

Although much evidence was introduced during the accounting phase of the trial, it is most difficult to determine with any degree of accuracy what business transactions occurred between the partners and third parties or, for that matter, between the partners themselves. The trial judge solved the accounting problem by finding that "It is impossible to state a true and accurate account of the affairs of said partnership" but that all of the obligations of the partnership had been satisfied. It was then found that the two attempts to divide the assets between plaintiff and defendant resulted in all of the assets being distributed except $4,500. ■■ The finding on this issue reads as follows:

"(X) That between the 14th day of July, 1957, and the 24th day of April, 1958, all of the debts and liabilities of the partnership of Simoni Bros. were paid and discharged.

That the assets remaining consisted of certain farming equipment of the reasonable fair market value of $49,038.00. That prior to the 6th day of March, 1961, plaintiff and defendant herein divided the partnership farming equipment, all except one item. That plaintiff is estopped to claim that said equipment was not divided pursuant to agreement of the parties. The Court further finds, however, that in the negotiations between the parties relative to division of said equipment, one item of $4,500.00 was not included, and plaintiff is entitled to a judgment for $4,500.00, which was not included in the division of the assets.''

The finding is patently inconsistent and contradictory within itself. If the ''item'' was a partnership asset, plaintiff would be entitled to distribution of only one-half of it, or $2,250.

The finding that the ''item of $4,500.00'' was an undistributed asset of the partnership, in the absence of any additional finding on that issue, fails to support the conclusion of law that plaintiff is entitled to the entire amount.

Since the finding is inconsistent with the conclusion of law, the judgment which follows from the conclusion cannot stand. (*Swanson* v. *Wheeler*, 112 Cal.App.2d 43, 45 [245 P.2d 699]; *Andrews* v. *Cunningham*, 105 Cal.App.2d 525, 529 [233 P.2d 563]; *Neill* v. *Klobas*, 192 Cal.App.2d 324, 326 [13 Cal.Rptr. 224].)

Plaintiff argues that this court can imply a finding that in the division of partnership property defendant appropriated assets in an amount exceeding distribution to plaintiff by $9,000, citing the record in support of her argument. Defendant, on the other hand, cites evidence which would lead to a finding that each party is entitled to one-half of the $4,500. Additionally, defendant cites evidence from which it could be inferred that plaintiff is entitled to nothing.

The chief difficulty in the case arises from the fact that the nature of the undivided partnership ''item'' cannot be determined from the findings. Plaintiff cites the record to support a contention that the $4,500 ''item'' was a cotton picking machine, while defendant cites evidence from which it could be inferred that the $4,500 represents funds borrowed from the former wife of defendant and deposited in the partnership account. Defendant obtained cancellation of the note by personally assuming the indebtedness.

Thus it cannot be said that only one finding could reasonably be drawn from the evidence on this issue. This, we believe, precludes us from proceeding under Code of Civil

Procedure, section 956a, which empowers an appellate court to make findings in support of a judgment. Generally, a court of review will not supply a finding needed to support a judgment when the evidence before the trial court on the issue is conflicting. (*Treu* v. *Kirkwood*, 42 Cal.2d 602, 612 [268 P.2d 482].) It was never intended that an appellate court should utilize the authority vested by section 956a to make determinations of fact from conflicting evidence presented to the court below. (*People* v. *Werner*, 184 Cal.App.2d 441, 443 [7 Cal.Rptr. 548].)

The judgment is reversed.

Conley, P. J., and Brown, J., concurred.