[Civ. No. 362. Fifth Dist. Apr. 9, 1965.]

LEONARD LOGOLUSO et al., Plaintiffs and Appellants, v. VINCENT JIM LOGOLUSO et al., Defendants and Respondents.

_____

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Taylor & Taylor, Stammer, McKnight, Barnum, Bailey & Barnett, Edward T. Taylor and James K. Barnum for Plaintiffs and Appellants.

Lester J. Gendron and L. Kenneth Say for Defendants and Respondents.

STONE, J.—This appeal is from a judgment ordering a sale of assets in a proceeding for dissolution of a copartnership engaged in farming. All of the partnership property, both real and personal, was ordered sold as a unit. Appellants attack that part of the judgment ordering the real property sold as a unit, contending that the court erred in not approving a division in kind made by the partners.

The five Logoluso brothers, under the terms of a written copartnership agreement, owned and farmed 12 parcels of real property valued by the court at $2,000,000, subject to encumbrances of about $166,700. The partnership owns equipment valued at $100,000 and has accounts receivable

and interests in revolving funds of cooperatives amounting to approximately $278,000.

Leonard Logoluso, one of the appellants herein, on September 26, 1960, gave notice in accordance with the articles of copartnership, that he was resigning from the partnership and demanded termination thereof within 90 days. Occurrences following the notice of termination are succinctly summarized by the trial court in the following portion of finding No. X:

"That commencing on or about October 10th, 1960, the partners had a series of meetings to discuss the notices above referred to, and the manner in which the partnership dissolution would be effected. At the meeting of October 20, 1960, a writing was prepared stating in effect that decisions could be made by a vote of four of the five partners. All partners signed this document except Leonard L. Logoluso, who refused to agree that four votes would decide any issue. The parties discussed the distribution of ten of the twelve parcels of real property in kind, and each stated that he would take one of the ten parcels, and each identified the parcel that he would take. All of the partners except Joe Logoluso selected the parcel on which was located their homesite. A writing was then prepared stating in effect that selection of a second parcel by each partner would be in rotation by age—the oldest first. Four partners signed this writing, but Leonard Logoluso refused to sign it. Each partner then designated a second parcel that he would take. Thereafter, the partners agreed to conduct, and did conduct, an auction of the remaining two parcels of land. At said auction Joe Logoluso acted as auctioneer, and some of the other partners bid on each of the parcels. Leonard Logoluso was high bidder on Parcel 11 with a bid of $239,000.00 and Frank Logoluso was high bidder on Parcel 12 with a bid of $132,000.00.

"The partners decided to appoint three appraisers to appraise each of the parcels of real property at their value, as part of the whole partnership business and that from these appraisals, adjustments would be made among the partners so that each would receive an equal dollar value."

The clear import of the foregoing finding is that the five partners divided the 12 parcels of real property by each making a first-choice selection, followed by a second-choice selection, and an auction of the two remaining parcels. As the 10 parcels which were divided by selection were not of equal value, the partners agreed to appoint three appraisers to

appraise each parcel, as the court found, so "adjustment would be made among the partners so that each would receive an equal dollar value." Thus the real property of the partnership was divided, 10 parcels in kind and the remaining two parcels by auction.

 It would appear from the quoted part of the finding that nothing remained to be done in the distribution of real property except to carry out the agreement to have the 10 parcels appraised. The trial court, however, added a paragraph which, on its face, is inconsistent with the first paragraph quoted above. The final paragraph reads:

"That all of the above acts, including the selection of parcels by each partner and the auction, were done and participated in by all of the partners for the sole purpose of negotiating a full disposition of all of the partnership property and to fully settle all of the rights of each of the partners in the partnership business and assets. That while said negotiations were still in progress, and before the appraisals above referred to had been made, and while said partnership business was continuing, the defendants herein gave notice to plaintiffs that they withdrew any consents theretofore given relating to disposition of the partnership assets."

 Before discussing the apparent contradiction in finding X, we point out that in a proceeding to dissolve, the partners can agree to divide partnership property in kind. This was established by the case of *Harper* v. *Lamping* (1867) 33 Cal. 641, wherein it is said, at page 649: "The general rule is to sell, because it is generally considered to be the fairest course to be pursued, but a division in kind may be, under certain circumstances, as fair to all the parties as a sale and division of the proceeds. Where such is the case there can be no objection to a division in kind."

This rule has been approved a number of times, as recently as 1962. (*Pluth* v. *Smith,* 205 Cal.App.2d 818, at p. 827 [23 Cal.Rptr. 550].)

 Division in kind of partnership assets upon dissolution is conditioned, however, upon the satisfaction of all partnership obligations to third parties. Here, the partnership owed approximately $166,700, but the obligations present no obstacle to distribution in kind since there are liquid assets, aside from the real property, sufficient to satisfy all partnership obligations. Accounts receivable and revolving fund credits alone total approximately $278,000 and there is other

personal property valued at $100,000. Also, the court made a finding "that a sale of partnership assets is not necessary for the protection of any creditors of the co-partnership."

■ Another preliminary question that must be answered before we consider the conflict within finding X is whether the partners can, by agreement, distribute only the real property in kind and leave for the court the question of disposition of the personal property. To state the proposition in another way, can partners enter into a valid partial division in kind, a partial settlement? The answer is yes, as the Supreme Court held in *Stretch* v. *Talmadge* (1884) 65 Cal. 510, at page 511 [4 P. 513], that: "It is, undoubtedly, generally true, that in an action to dissolve a partnership, and for a settlement of its affairs, the account must be taken from the beginning until the end of the partnership. *But if there has been a partial settlement between the partners themselves, that fact may be proved in the action* [citation]; and if proved, the settlement will be considered valid as between the partners themselves, unless it is assailed on the ground of mistake, error, or fraud. [Citation.] If there is no valid objection to the settlement, it is conclusive upon the parties as far as it goes, and leaves open only the unsettled portion of the account." (Italics added.)

A more recent case, *Griffeth* v. *Fehsel*, 61 Cal.App.2d 600 [143 P.2d 522], used even more emphatic language in upholding a partial settlement of accounts in the dissolution of a joint venture, which is akin to a partnership dissolution. The court said, at page 605: "Parties to any sort of a business arrangement are their own best judges of the accounts between themselves. They understand their own plans and purposes as well as their settlements, and after they have reached an understanding to dissolve and have agreed upon an accounting, courts must not undo such mutual, extrajudicial determinations." (Accord: *Pilch* v. *Milikin*, 200 Cal.App.2d 212, 223 [19 Cal.Rptr. 334].)

■ Thus, an executed agreement for the division of real property in kind must be honored by a court presiding over the dissolution of a partnership, unless the agreement is assailed on the ground of mistake, error or fraud.

This brings us to the last paragraph of finding X, quoted above. It does not purport to set aside the division of real property spelled out in the first paragraph of the finding, upon the ground of error, fraud or mistake, as required under *Stretch* v. *Talmadge, supra.* ■ The finding uses the term

"negotiating," but this implies preliminary discussion before agreement is reached or action is taken. Yet the first part of finding X recites that the five partners each first picked the parcel of his choice, that each then selected a second parcel according to age of the partner, and the two remaining parcels were auctioned off for given amounts. All that remained to be done was to adjust values on a dollar basis and, according to the finding, the partners agreed to appoint three appraisers to accomplish this end.

To us the clear import of the first paragraph of finding X is that the partners participated in a division of the real property in kind. Participation by all partners superseded any prior lack of formal consent. In the beginning one partner refused to sign the agreement to divide by a vote of four of the five partners and later he refused to agree to a second-choice selection by age, but eventually he participated in the actual division of the real property. His first-choice selection was honored by the other brothers and when it was his turn, by age, he made a second selection. Following that, he was the successful bidder for one of the two remaining parcels. Furthermore, he agreed to the appointment of three appraisers to determine the dollar value of the 10 parcels divided among the five partners. ▇ Acceptance of an offer by conduct constitutes acceptance or assent in the view of the law. (*Wood* v. *Gunther,* 89 Cal.App.2d 718, 731 [201 P.2d 874]; 12 Cal.Jur.2d § 22, p. 213, § 24, p. 215.) ▇ Except for the appointment of the three appraisers, the division was a *fait accompli,* and as to this final act the court found the parties "decided to appoint three appraisers." This quoted language indicates that there was an agreement to appoint the appraisers for the purpose of equalizing the dollar value of the various parcels that had been distributed in kind; it remained only for the parties to carry out the agreement they had made.

From the record it is not clear to us upon what ground the court found the agreement to divide the real property was rescinded. Certainly the finding is contrary within itself, at least as to the real property. This conflict in an essential finding requires a reversal. (*Andrews* v. *Cunningham,* 105 Cal. App.2d 525, 529 [233 P.2d 563]; *Neill* v. *Klobas,* 192 Cal. App.2d 324, 325 [13 Cal.Rptr. 224]; *Simoni* v. *Simoni,* 210 Cal.App.2d 780, 782 [27 Cal.Rptr. 146].)

Respondents argue that in the absence of an agreement among the partners for a division of assets in kind, a court

presiding upon the dissolution of a partnership has no authority to do other than order the assets sold, the liabilities paid, and the remaining funds distributed to the partners. In their reply brief they say: "It is respectfully submitted that in this state there is no such action as partition of partnership property."

It is true the statutes are silent on this point. Furthermore, we have been cited no case that is clear-cut on the question whether a court can order distribution in kind over the objection of a partner. ■ By way of solution, we note that an action to dissolve a partnership is an equitable proceeding, and so is an action in partition. Both kinds of cases present similar problems as to whether jointly-owned property should be divided or sold. Because the circumstances surrounding the two kinds of action in equity are parallel, we apply the long established rules of partition to the property division aspects of a partnership dissolution action. ■ Equity, by its very nature, requires that like principles be applied to like cases.

Looking to the law governing a partition action, we note that division in kind is favored above a sale of property and a distribution in money. The general principle is: "As between a partition in kind and a sale of the property in a partition action, the courts always favor partition in kind, since this does not disturb the existing form of inheritance or compel a person to sell his property against his will. Partition in kind is required, if the cotenants demand it, regardless of the difficulty and inconvenience of partition, unless it appears that a partition cannot be made without great prejudice to the parties." (37 Cal.Jur.2d § 81, p. 490.)

■ Therefore we hold that in a partnership dissolution action a court has authority to make distribution of partnership real property in kind. This power, of course, is conditioned upon a finding that it is not necessary to hold a sale in order to satisfy partnership obligations. ■ Absent a compelling necessity to satisfy partnership obligations, a public sale of assets can be justified only if it is found that distribution in kind would result in great prejudice to the parties. This simply conforms to the tenet of equity that recognizes real property and certain kinds of personal property as unique, which, in turn, impels a court of equity to maintain the ownership of property when feasible. ■ It must be owned that uniqueness itself may, in some instances, prevent an equitable distribution in kind but in any event

if division in kind is made an issue in the case there must be a specific finding as to that issue. Such finding is lacking here; to the contrary, finding X recites that the parties did divide the real property among themselves and that there remained only performance of the agreement to equalize values according to appraisals, but that respondent partners rescinded the agreement.

Appellants, in addition to contending the partnership real property was, in fact, divided by the partners, assert that the order for the sale of all 12 parcels of real property as a unit constituted an abuse of the trial court's discretion because a sale would result in a much greater tax burden than a division of the real property in kind. Judicial discretion necessarily must be measured in the light of all of the circumstances existing at the time it is exercised. Since we conclude that the case must be sent back to the trial court for further proceedings, any question of judicial discretion will depend upon the outcome of those proceedings.

There remains for consideration appellants' request that this court substitute its findings for those of the trial court.

A reviewing court will make findings only in instances where there is no conflict in the evidence pertaining to issues upon which findings are requested. (*Treu* v. *Kirkwood,* 42 Cal.2d 602, 612 [268 P.2d 482] ; *People* v. *One 1949 Ford V-8 Coupe,* 41 Cal.2d 123, 127 [257 P.2d 641].) Respondents have pointed to testimony which they contend negates the first paragraph of finding X that there was an agreement to divide the real property in kind. It is the province and the duty of the trial court to weigh the evidence and make its findings based thereon. It was never intended that an appellate court should utilize the authority vested by Code of Civil Procedure section 956a to make determinations of fact from conflicting evidence presented to the court below. (*People* v. *Werner,* 184 Cal.App.2d 441, 443 [7 Cal.Rptr. 548].)

The judgment is reversed.

Conley, P. J., and Brown (R. M.), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 2, 1965.