[Civ. No. 545.   Fifth Dist.   Mar. 14, 1966.]

PETRA SIMONI, as Administratrix, etc., Plaintiff and Respondent, v. LAZ SIMONI, Defendant and Appellant.

King, Eyherabide, Cooney & Owen and Steven Eyherabide for Defendant and Appellant.

Dorris, Fleharty & Underhill and Thomas Underhill for Plaintiff and Respondent.

CONLEY, P. J.—This is an appeal from a judgment following the second trial of the case. Petra Simoni, administratrix of the estate of Alfred Simoni, deceased, sued Laz Simoni to secure an adjudication of the termination of the partnership existing between Mrs. Simoni's husband, Alfred Simoni, before his death, and the defendant Laz Simoni, and for an accounting. The first appeal in the case resulted in a reversal of the judgment (*Simoni* v. *Simoni*, 210 Cal.App.2d 780 [27 Cal.Rptr. 146]). At the second trial, counsel stipulated that the case be submitted upon all of the evidence adduced at the former trial. Thereafter, the court made findings of fact and conclusions of law and ordered the entry of a judgment in favor of the plaintiff in the sum of $5,026.56, together with costs. A motion for new trial was made by the appellant; it was denied.

There is before us the reporter's transcript on the former appeal, a clerk's transcript in the present case, and a reporter's transcript of the proceedings on motion for a new trial, but there is no reporter's transcript of the proceedings at the instant trial.

Incidentally, the judge made clear during the proceedings on motion for a new trial just what elements he took into consideration in reaching the judgment in favor of the plaintiff: (1) One-half of the difference in reasonable market value between the farming equipment which the contending parties were allotted during their division in kind; (2) reduced by one-half of the excess drawing that the decedent or his surviving widow had made during the last year of the partnership. By referring to paragraph IX of the findings of fact and

conclusions of law, we see that the plaintiff received farm implements of the fair market value of $18,976, while the defendant got farm machinery and equipment of the agreed and reasonable fair market value of $30,062. Mathematically, the difference between these two figures is $11,086, one-half of which is $5,543. Paragraph X of the findings shows that during the year 1957, the defendant made withdrawals from the partnership assets in the amount of $8,439.59 and Alfred Simoni, or his widow, received $9,472.46; the difference between these two figures is $1,032.87, and one-half of that amount is $516.44. When this latter figure is subtracted from the $5,543 above mentioned, the balance is $5,026.56, which is the principal amount of the judgment in favor of the plaintiff.

The actual and potential evidence in this case is complex. It stretches back over a great many years and involves partners neither of whom apparently insisted upon a strict maintenance of financial records. It must be constantly kept in mind that every intendment is in favor of the judgment. The defendant has appealed, and before he is entitled to a reversal, it is incumbent upon him to establish that there was substantial error.

This general rule is stated in 5 American Jurisprudence 2d, Appeal and Error, section 704, page 149: ''The scope of appellate review is largely influenced by a number of rebuttable presumptions, pre-eminent among which is that which, at least where the decision has been rendered by a court of record or court of general jurisdiction, assumes the correctness of the decision or ruling appealed from and the regularity of the proceedings below.''

It follows logically that the following general rule is correctly stated in 5 American Jurisprudence 2d, Appeal and Error, section 931, page 359: ''At a hearing on the merits, the judgment or order of the lower court will usually be affirmed, unless the record affirmatively discloses error prejudicial to the rights or interest of the defendant.''

It is for these reasons that we must affirm the judgment; it nowhere appears to us that the appellant has sustained the burden of showing error which would necessitate a reversal.

While there is some doubt as to the time when the partnership was formed between Alfred Simoni and Laz Simoni, the court's findings of its origin must stand. The complaint alleges that it had its inception on or about the 1st day of January, 1949. The answer concedes that is the date of the inception of the partnership. Later, the plaintiff pleaded in an

amendment to the complaint that the partnership extended back to the month of September 1935. The court resolved this problem in paragraph IV of the findings by holding that articles of copartnership were executed by the defendant and the deceased, Alfred Simoni, on the 1st day of January, 1949. This finding is apparently correct. For, on the 15th day of January, 1948, Alfred Simoni filed a voluntary petition in bankruptcy with the clerk of the United States District Court at Los Angeles in which he stated that he was a "farm laborer" employed by "Lazaro Simoni," the present defendant. The petition did not aver that he had a partnership interest in any agricultural undertaking or was the partial owner of farm machinery or crop proceeds; one must assume, in the absence of evidence to the contrary, that the decedent did not thus commit a fraud on the United States Government, and his then current creditors.

The findings correctly state that Alfred Simoni died on July 14, 1957, and that the plaintiff, Petra Simoni, is the duly appointed, qualified and acting administratrix of this estate.

The court found—and there is no question raised on the appeal with respect to the accuracy of the finding—that Alfred Simoni contributed no capital at the time of the formation of the partnership, but, on the other hand, that the defendant did contribute capital consisting of farm machinery and equipment and a crop carry-over from the previous year; the court found further that after the formation of the partnership, personal obligations of the defendant were paid with partnership funds to the extent that they equalled or exceeded the value of his capital contributions, ". . . so that in effect the value of said capital contribution was nothing." The court further found that neither partner thereafter made any capital contributions to the partnership; that after the death of Alfred Simoni, the defendant, Laz Simoni, the surviving partner, continued in control of the business, and that he paid certain debts of the partnership, but failed to give an account to the plaintiff until on or about the 28th day of March, 1958, when, pursuant to an order of the probate court, he did file an accounting which was inaccurate, and which incorrectly claimed a balance of considerable dimensions in his own favor. The leased real property which the two had farmed together was later divided between the parties; this was accomplished by Kern County Land Company, the owner of the land, on or about the 31st day of December, 1957.

A most significant finding numbered VIII is as follows:

"The Court further finds that said partnership did not keep accurate books and records, and that it is impossible to state a true and accurate account of the affairs of said partnership for the years prior to 1957." This finding is apparently a forthright statement of the troubles which the trial court has encountered during two succeeding trials regarding the multiple business items participated in by the respective partners. It is a regrettable state of affairs, but in such circumstances, a trial court must do the best it can. It cannot accomplish the impossible, or make clear transactions of many previous years when the partners themselves did not do so.

The court found that among the remaining assets was a credit of $160.26 owed to the partnership by the S. A. Camp Ginning Company, as well as farm machinery and equipment of the agreed and reasonable fair market value of $49,038. The judgment divided equally the $160.26, and also approved the physical division of the farm machinery which had taken place, balancing the reasonable market value thereof by a money award to the plaintiff.

Appellant calls attention to the well-known rule that ordinarily findings as to every substantial allegation of the pleadings are necessary (*Tucker* v. *United Railroads*, 171 Cal. 702 [154 P. 835] ; *Curtis* v. *Upton*, 175 Cal. 322 [165 P. 935] ; *Waldecker* v. *Waldecker*, 178 Cal. 566 [174 P. 36] ; *Harrelson* v. *Miller & Lux Inc.*, 182 Cal. 408 [188 P. 800] ; *Beeson* v. *Schloss*, 183 Cal. 618 [192 P. 292] ; *Geary Street, Park & Ocean R.R. Co.* v. *Rolph*, 189 Cal. 59 [207 P. 539] ; *Kales* v. *Houghton*, 190 Cal. 294 [212 P. 21] ; *Keese* v. *Beardsley*, 190 Cal. 465 [213 P. 500, 26 A.L.R. 1538] ; *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074] ; *DeBurgh* v. *DeBurgh*, 39 Cal.2d 858 [250 P.2d 598]) ; and that such findings should be definite and certain (*Andrews* v. *Cunningham*, 105 Cal.App.2d 525 [233 P.2d 563] ; *Swanson* v. *Wheeler*, 112 Cal.App.2d 43 [245 P.2d 699] ; *Treu* v. *Kirkwood*, 42 Cal.2d 602 [268 P.2d 482]). However, no mention is made of a concurrent rule of equal applicability that findings are wholly unnecessary as to matters of evidence, as distinguished from issues which are included in the pleadings.

Appellant argues that paragraph IV and paragraph VIII are inconsistent. Concededly, paragraph VIII of the findings points out the extreme difficulty of reaching mathematical exactness under the evidence with respect to the partnership transactions prior to 1957. If appellate courts were to exact

absolute certainty in a record involving an accounting where one of the persons involved is dead, the books are contradictory and incomplete, and some periods of activity are not reflected in the financial history, there would be no end to litigation; it is only necessary for a trial court to do the best it can, in such circumstances, even though absolute accuracy is unattainable. We do find substantial evidence with respect to the activities of the partnership during the years before 1957; while the trial judge states frankly that there is some degree of uncertainty in the accounting by reason of the nature of the evidence, the appellant has not shown that the trial judge was guilty of any error in the conclusions reached by him. We find no necessity of specifying in the findings the evidentiary matter showing payments of partnership funds for personal indebtedness of the defendant.

Appellant argues that he was not given credit in the accounting for one-half of $4,500, a debt which according to the evidence, he personally owed to his former wife, remarried under the name of Mrs. Johnnie Allen, and her children. The evidence establishes that on February 7, 1949, Mrs. Johnnie Allen loaned the partnership $7,000, and that thereafter, $3,500 was repaid by the partnership on this obligation. The balance of $3,500 which had grown by virtue of interest to $4,500 was made the subject of a lawsuit between Mrs. Allen and her former husband, who is the defendant herein. The note which the partnership had signed for $7,000 on February 7, 1949, was marked as a paid obligation. It would appear on the face of the record that the $4,500 is owed presently by Laz Simoni, individually, to his former wife and children, rather than by the partnership. Laz Simoni testified that his deceased brother had agreed with him to pay part of it back to him. But the court evidently did not believe the defendant's testimony. Paragraph VII of the findings states: ''That the account filed by the defendant herein on the 24th day of April, 1958, attached to and made a part of the answer of the defendant herein, was not a true and accurate account of the affairs of the partnership.'' It would appear that there was no satisfactory showing in the eyes of the trial court that the $4,500 was also a debt of the partnership, and as the trial court was not persuaded of this alleged fact by the evidence, we cannot see our way clear to reverse the judgment on the basis of this item.

It is stated in the brief of appellant: ''There is no evidence to support the finding that the parties divided the equipment

in kind.'' This appears to be a mistake on the part of the appellant as the record shows that on two occasions there was a division of farming equipment and that each party used the equipment so divided for the purpose of borrowing money to carry on his or her own farming operations. In fact, some of the persons involved in the discussions leading to the second division thought that all of the parties, including the plaintiff herein, had agreed thereby to settle the litigation. However, Mrs. Simoni denies that she had ever made an agreement to this effect, and the court found accordingly.

The trial court had grounds on the basis of substantial evidence to order the judgment, and appellant has not carried his burden of showing error which would justify a reversal.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.