952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert PARKER, Plaintiff/Cross-Defendant and Appellant/Cross-Appellee,
v.
U.S. SUZUKI MOTOR CORPORATION, et al.,
Defendant/Cross-Complainant and Appellee/Cross-Appellant,
 Nos. 90-55056, 90-55179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 27, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert Parker alleged that American Suzuki Motor Corporation (Suzuki) fired him because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Parker also alleged that he signed a release of all claims against Suzuki under duress. Suzuki filed a counterclaim requesting a judgment for breach of contract, specific performance, rescission, and fraud. Parker appeals from the district court's grant of summary judgment in favor of Suzuki. Suzuki appeals from the dismissal of its counterclaim.
 
 
 3
 We reverse the district court's grant of summary judgment in favor of Suzuki because we conclude that the moving party failed to demonstrate that Parker deliberately intended to waive his ADEA rights. We reverse the dismissal of Suzuki's counterclaim because the court dismissed it without any proof that Suzuki had failed to prosecute it or violated any court rule or order.
 
 I. DISCUSSION
 
 4
 A. Failure to object to findings does not waive claim that genuine issue of material fact exists
 
 
 5
 Suzuki argues that no genuine issue of material fact remains because Parker failed to object to the district court's finding that the release was valid in its order denying Suzuki's summary judgment motion. Suzuki cites no authority for this proposition. A grant of summary judgment is reviewed de novo. See Schneider v. TRW, Inc., No. 89-56160, slip op. 12301, 12307 (9th Cir. July 10, 1991, as amended, August 27, 1991). Thus, we must determine independently whether a genuine issue of material fact exists precluding summary judgment. Accordingly, the findings of the trial court have no bearing on our duty to examine the entire record to determine for ourselves whether there is a genuine issue of material fact in dispute.
 
 B. A contract was formed
 
 6
 Parker alleges that Suzuki had not signed the release agreement prior to sending a letter on January 19, 1988, requesting a change in the original agreement. Parker argues that this letter was a counterproposal. Suzuki asserts that it accepted the release on December 23, 1987, by ordering the transfer of settlement funds to Parker's bank account.
 
 
 7
 Suzuki contends that this conduct was an acceptance of the release agreement drafted by Parker's counsel. It is not disputed that Suzuki had substantially fulfilled its contractual obligations on December 23, 1987. In California "[a]cceptance of an offer by conduct constitutes acceptance or assent in the view of the law." Logoluso v. Logoluso, 233 Cal.App.2d 523, 529 (1965); Coleman Engineering Company, Inc. v. North American Aviation, Inc., 65 Cal.2d 396, 411 (1966) (Traynor, C.J., dissenting). The record demonstrates that Suzuki accepted the release agreement by its conduct on December 23, 1987.
 
 
 8
 C. No genuine issues of material fact exist as to alleged threat
 
 
 9
 In a declaration submitted in opposition to Suzuki's motion for a summary judgment, Parker alleged that M. Tani, President of Suzuki, and Duffern Helsing, attorney for Suzuki, told Parker that he had to sign the agreement within three days or he would be fired with none of the "benefits" listed therein. Parker asserts that this statement constituted an improper threat to deprive him of his vested rights to a pension, vacation pay, and accrued salary.
 
 
 10
 Accepting the facts in the light most favorable to Parker, we conclude that Parker has failed to raise a genuine issue of material fact regarding his claim of duress. To survive a motion for summary judgment, Parker must "make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As the moving party, he will meet his burden of persuasion if he has offered sufficient evidence of a material fact such that "a reasonable jury could return a verdict for [him]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where such evidence is merely colorable or is not significantly probative, however, summary judgment is properly granted. See id. at 249-50.
 
 
 11
 "Benefits" that are bargained for in negotiating a release agreement differ from vested rights to a pension, to vacation pay, or to accrued salary. The proposed release agreement provided for the use of a company car for six months and a lump sum severance payment. As a vice-president of Suzuki, Parker must be assumed to have been familiar with the distinction between vested rights and a bargained-for consideration to induce him to terminate his employment and to sign a release. The fact that Parker retained a lawyer who negotiated and drafted the release agreement further undermines Parker's claim of duress as of the time he signed the release agreement. See Stroman v. West Coast Grocery, 884 F.2d 458, 462 (9th Cir.1989), cert. denied, 111 S.Ct. 151 (1990) (whether employee had benefit of counsel is one factor determining voluntariness of waiver). In light of his extensive business experience and the fact that his attorney drafted the release agreement, Parker's allegation that he signed the release agreement because he felt threatened by the loss of his vested rights to a pension, to vacation pay, and to accrued salary is not sufficient evidence to persuade a reasonable jury by a preponderance of the evidence that Parker was acting under duress when he signed the release.
 
 
 12
 D. Unsupervised waivers of ADEA claims allowed
 
 
 13
 Parker contends that a waiver of an ADEA claim that was not supervised by the Equal Employment Opportunity Commission (EEOC) is invalid pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.
 
 
 14
 We conclude that a waiver of an ADEA claim is not invalid solely because it was unsupervised by the EEOC. In Gilmer v. Interstate/Johnson Lane Corp., 111 S.Ct. 1647 (1991), the Supreme Court noted that "nothing in the ADEA indicates that Congress intended that the EEOC be involved in all employment disputes. Such disputes can be settled, for example, without any EEOC involvement." Id. at 1653. The Court cited the following cases, each of which has held that a waiver of an ADEA claim is valid without EEOC supervision: Coventry v. United States Steel Corp., 856 F.2d 514, 522 (3rd Cir.1988); Moore v. McGraw Edison Co., 804 F.2d 1026, 1033 (8th Cir.1986); Runyan v. National Cash Register Corp., 787 F.2d 1039, 1045 (6th Cir.), cert. denied, 479 U.S. 850 (1986).
 
 
 15
 E. The district court erroneously construed Stroman's analysis
 
 
 16
 Parker contends that the district court was required under Stroman to inquire into Parker's intent to release his ADEA rights but failed to do so. Suzuki responds that under Stroman, a party must be held to have intended to release all claims, including ADEA claims, if the release is unambiguous.
 
 
 17
 In Stroman, we held that an employee had waived his Title VII claims by signing a general release that did not explicitly mention Title VII. We concluded in Stroman that the fact that the employee had filed several employment discrimination charges with the EEOC and other agencies before signing the release sufficiently showed an intent to release Title VII claims under the agreement. See 884 F.2d at 461. Although we concluded that an agreement "need not specifically recite the particular claims waived in order to be effective," we did not hold that a general release presumptively includes Title VII claims. Id. We noted in Stroman that a showing that the employee intended to waive Title VII claims is not enough. See id. at 462. We held that, to be valid, the record must show that the waiver of Title VII claims was "voluntary, deliberate and informed." Id. Citing Coventry v. United States Steel Corp., 856 F.2d 514 (3rd Cir.1988), inter alia, we listed in Stroman several criteria to be evaluated in determining whether the agreement was a deliberate, voluntary, and knowing waiver of the employee's Title VII claims. See 884 F.2d at 462. These factors include the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, the presence of a noncoercive atmosphere, and whether the employee had the benefit of legal counsel. See id. We concluded in Stroman that the record showed that the employee's waiver had been deliberate, knowing, and voluntary.
 
 
 18
 The district court appears to have concluded that our decision in Stroman did not require Suzuki to make a showing in this summary judgment proceeding that Parker expressly intended to waive his specific ADEA claims. In the first summary judgment hearing, the district court concluded that an issue of fact existed regarding whether Parker knowingly and voluntarily released his ADEA rights, because the release did not contain an express waiver of Parker's ADEA rights.
 
 
 19
 At the hearing for Suzuki's motion on reconsideration of the order denying summary judgment, however, the district court granted Suzuki's motion based on its reading of Stroman. The district court held that "[t]he mutual release constitutes a knowing waiver of all claims under the [ADEA] notwithstanding the fact that the release does not specifically refer to the Act."
 
 
 20
 It is not clear to us whether the district court interpreted Stroman as holding that a general release of "all claims" includes a waiver of an ADEA claim, without the necessity to show that such waiver was deliberate, knowing, and voluntary. As discussed above, Stroman requires that the record show that the employee deliberately intended to waive his or her ADEA rights. See id. at 461-62. Because the record does not demonstrate whether, in signing a release of "all claims," Parker deliberately intended to waive his ADEA claims, we must vacate the order granting summary judgment and remand for the development of additional evidence, if such exists, regarding whether Parker deliberately, knowingly, and voluntarily intended to waive his ADEA claims.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3